Neal CLARK, Appellant,

v.

**STATE OF WASHINGTON, and Washington State Bar Association, an agency of State government, Appellees, The State Bar of California, Amicus Curiæ.**

No. 20306.

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1966.

Rehearing Denied Oct. 31, 1966.

Neal Clark, Hadlock, Wash., in pro. per.

Raymond Royal, Seattle, Wash., for appellant Neal Clark.

T. M. Royce, Seattle, Wash., for appellee Washington State Bar Ass'n.

John J. O'Connell, Atty. Gen. of Wash., Edw. B. Mackie, Asst. Atty. Gen., Olympia, Wash., for appellee State of Washington.

Morris M. Doyle, David M. Heilbron, McCutchen, Doyle, Brown, Trautman & Enersen, San Francisco, Cal., for amicus curiae, The State Bar of California.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

HAMLEY, Circuit Judge:

Neal Clark, having been disbarred from the practice of law by the Supreme Court of Washington, brought this action against the State of Washington and the Washington State Bar Association (Bar Association). He sought a decree to vacate the judgment of disbarment, an injunction to restrain defendants from revoking his license to practice law, an order to require defendants to restore him to the list of active members of the Bar Association, and a judgment for damages in the amount of twelve thousand dollars a year during the period of disbarment. In the alternative Clark asked that the state disciplinary proceedings "be set aside, and that plaintiff be tried in accordance with law."

Defendants moved to dismiss the action on the grounds that the district court lacked jurisdiction over them, and over the subject matter, and because the complaint failed to state a claim upon which relief could be granted. The motion was granted on all grounds urged, and Clark appeals.[1]

According to his complaint, Clark was admitted to practice law in the state courts of Washington on February 28, 1939, and in the federal district courts of that state on August 11, 1939. On March 20, 1961, the Bar Association commenced disciplinary proceedings against Clark pursuant to the Rules for Discipline of Attorneys, promulgated by the Supreme Court of Washington (57 Wash. 2d xlvi, et seq.). The Bar Association charged him with three counts of conduct in violation of the Canons of Professional Ethics and his oath of attorney.

Clark was tried before a trial committee of the Bar Association which entered findings of fact and conclusions of law sustaining all the charges, and recommended disbarment. The Bar Association's Board of Governors reviewed the trial record and approved the committee's findings and conclusions as to two counts, but recommended dismissal of the third count. The Board also recommended disbarment. The Supreme Court of Washington approved the Board's recommendations and ordered disbarment, three members of the court dissenting on the limited ground that only a one-year suspension was warranted. In re Clark, 61 Wash.2d 547, 379 P.2d 354, cert. den., 375 U.S. 986, 84 S.Ct. 519, 11 L.Ed.2d 473, reh. den. 376 U.S. 935, 84 S.Ct. 698, 11 L.Ed.2d 655.

Clark then commenced this federal court suit against the State of Washington and the Bar Association, invoking district court jurisdiction under the Civil Rights Act, Rev.Stat. § 1979 (1875), 42 U.S.C. § 1983 (1964), and 28 U.S.C. § 1343 (1964). He alleged that the disciplinary proceedings were conducted in such manner as to violate his rights under the Fourth, Eighth and Fourteenth Amendments.

1. In this court, Clark has withdrawn his prayer for damages.

In support of its motion to dismiss for lack of jurisdiction over it, the State of Washington argued in the district court, and urges here, that under the federal Constitution a state is immune from a suit in federal court brought by a citizen of that state.

It has been established since Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842, that a state is immune from federal court suits brought by its own citizens as well as by citizens of another state. This immunity is not affected by the fact that the case may be one arising under the Constitution or laws of the United States. Parden et al. v. Terminal Railway of Alabama State Docks Dept. et al., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233; Skokomish Indian Tribe v. France, 9 Cir., 269 F.2d 555, 560. A state may waive such immunity. State of Missouri et al. v. Fiske et al., 290 U.S. 18, 24, 54 S.Ct. 18, 78 L.Ed. 145. There is nothing in the record before us, however, to indicate that the State of Washington waived its immunity from this kind of suit, or this particular suit, in federal court.

On this appeal, Clark does not directly contest the application of this constitutional principle in the case of defendant state, nor does he contend that the state has waived its immunity. He argues, however, that: (1) he is admitted to practice law in the federal courts of the State of Washington; (2) under the district court rules, his standing to practice law in federal courts is impaired by his disbarment by the Supreme Court of Washington; and (3) therefore, the federal district court has inherent jurisdiction to entertain this suit in order to protect his professional standing in federal courts.

Rule 2(e) of the Rules of the United States District Court for the Western District of Washington, effective January 1, 1966, provides in part:

"Whenever it is made to appear to the Court that any member of its bar has been disbarred or suspended from practice or convicted of a felony in any court he shall be suspended forthwith from practice before this Court and, unless upon notice mailed to him at his last known place of residence he shows good cause to the contrary within ten (10) days, there shall be entered an order of disbarment, or of suspension for such time as the Court shall fix." [2]

Clark does not contend that the United States District Court for the Western District of Washington has suspended him from practice before that court. If and when it does, the quoted rule assures him of an opportunity to show cause why he should not be disbarred in that court, and why his temporary suspension should be vacated. In any such show cause proceeding, the disbarment order of the Supreme Court of Washington is entitled to great weight, but it is not conclusively binding on the federal court. See Theard v. United States, 354 U.S. 278, 282, 77 S.Ct. 1274, 1 L.Ed.2d 1342; Selling v. Radford, 243 U.S. 46, 50–51, 37 S.Ct. 377, 61 L.Ed. 585.

Clark's right to practice law in the federal courts may, therefore, be fully vindicated in disciplinary proceedings before the federal court, without the necessity of the district court asserting any "inherent" jurisdiction to set aside the state court order of disbarment.

The language of the Supreme Court in *Theard* suggests that a state court disbarment order may not be reviewed by a federal court, and only under limited circumstances will the Supreme Court review such an order. *Theard*, supra, 354 U.S. at 281, 77 S.Ct. 1274. Following *Theard*, the Tenth Circuit has recently held that federal courts have no "jurisdiction" to entertain a suit by a disbarred attorney under the Civil Rights Act to set aside a state court disbarment order. Gately v. Sutton, 10 Cir., 310 F.2d 107, 108:

"The federal courts do not have jurisdiction to review an order of the Colo-

---

**2.** This court has a generally similar rule. See Rule 7(3), Rules of the United States Court of Appeals for the Ninth Circuit.

rado Court disbarring an attorney in that state for personal and professional misconduct. * * * The limits of [federal] review * * * are violations, in the course of disbarment proceedings, of the due process or equal protection clauses of the Fourteenth Amendment, and a petition for a writ of certiorari to the Supreme Court of the United States is the only method by which review may be had."

 We hold that the district court did not have jurisdiction over the State of Washington.

Unlike the state, the Bar Association did not contend in the district court, and does not argue here, that it enjoys state immunity from any suit in a federal court commenced or prosecuted by a citizen of the state. Nor is there any indication that the district court disclaimed jurisdiction over the Bar Association on this ground.

The Bar Association urges a number of other reasons, however, why the district court did not have jurisdiction over it, or over the subject matter of the action or why the complaint failed to state a claim upon which relief could be granted. These reasons are as follows: (1) in the disciplinary proceedings the Bar Association acted in a quasi-judicial capacity, with respect to which it enjoys judicial immunity from suit under the Civil Rights Act; (2) the Bar Association is not a "person," within the meaning of Rev.Stat. § 1979 (42 U.S.C. § 1983); (3) no federal court, except the United States Supreme Court, may set aside a judgment of a state court; (4) no federal court will issue mandamus in a case like this to a state court or its officers, and (5) under the allegations of the complaint, Clark's constitutional rights were not abridged. The State Bar of California, appearing on this appeal as amicus curiae, suggests, as an additional ground

for dismissal, that no effective decree can be framed against either defendant.

In our view none of these grounds pertain to jurisdiction over the Bar Association or over the subject matter, but have to do with the question of whether a claim has been stated. At least four of these grounds have merit and independently support the order of dismissal.

 A prosecuting attorney, as a quasi-judicial officer, enjoys immunity from suit under the Civil Rights Act insofar as his prosecuting functions are concerned.[3] The reasoning behind such a rule was suggested in Robichaud v. Ronan, 9 Cir., 351 F.2d 533, 536, where this court stated that "[t]he key to the immunity previously held to be protective to the prosecuting attorney is that the acts, alleged to have been wrongful, were committed by the office *in the performance of an integral part of the judicial process*." (Emphasis added.) As an arm of the Washington Supreme Court in connection with disciplinary proceedings, the Bar Association is an "integral part of the judicial process" and is therefore entitled to the same immunity which is afforded to prosecuting attorneys in that state.[4]

 A state is not a "person" within the meaning of Rev.Stat. § 1979 (Sires v. Cole, 9 Cir., 320 F.2d 877, 879), and this must likewise be true of the Bar Association, which is an agency of the state.

 Clark asked the district court for an order requiring defendants to restore his name to the list of active members of the Bar Association. It would not have been possible, however, for the district court to have complied with such a request. The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties, including disbarment proceedings. See Ex

---

3. Agnew v. Moody, 9 Cir., 330 F.2d 868, 869; Harmon v. Superior Court, 9 Cir., 329 F.2d 154, 155; Sires v. Cole, 9 Cir., 320 F.2d 877, 880.

4. Other courts have also held that the State Bar Association, as agent of the

Supreme Court of that state in disbarment proceedings, had quasi-judicial immunity from actions in damages arising out of those proceedings. See Rhodes v. Meyer, 8 Cir., 334 F.2d 709, 718, and cases cited therein.

parte Secombe, 19 How. 9, 15, 60 U.S. 9, 15, 15 L.Ed. 565; In re Green, 141 U.S. 325, 12 S.Ct. 11, 35 L.Ed. 765; Gately v. Sutton, 10 Cir., 310 F.2d 107, 108.

The Bar Association had power to and did recommend to the Washington Supreme Court that it disbar Clark, RCW 2.48.060, but it had no power to and did not disbar him. That power, together with the power to "admit and enroll attorneys in the state of Washington," is exclusively in the Washington Supreme Court. In re Bruen, 102 Wash. 472, 476, 172 P. 1152, 1153; In re Simmons, 59 Wash.2d 689, 369 P.2d 947, 956.

It follows that no effective decree can be framed against the Bar Association to afford Clark the relief he seeks in this action. The Supreme Court has stated that dismissal of an action is warranted when an indispensable party (the Supreme Court of Washington in this case) is not made a party to the action. See Williams et al. v. Fanning, Postmaster of Los Angeles, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95; Daggs v. Klein, 9 Cir., 169 F.2d 174, 176.

We therefore hold that the district court did not err in dismissing the action against the Bar Association.

Affirmed.