Gordon McLean **CAMPBELL**, Plaintiff,

v.

The **WASHINGTON STATE BAR ASSO-CIATION** and the Supreme Court of the State of Washington, Defendants.

No. 6905.

United States District Court
W. D. Washington, N. D.

Feb. 2, 1967.

Gordon McLean Campbell, Seattle, Wash., pro se.

Richard F. Broz, Seattle, Wash., for defendant Washington State Bar Ass'n.

John J. O'Connell, Atty. Gen. of Washington, Edward B. Mackie, Asst. Atty. Gen., Olympia, Wash., for Supreme Court of Washington.

## OPINION

Before HAMLEY, Circuit Judge, and LINDBERG and BEEKS, District Judges.

PER CURIAM.

Defendant Washington State Bar Association filed a formal complaint in September of 1966 against plaintiff, a Washington resident and attorney, ordering a hearing regarding his mental capacity to practice law. Plaintiff then brought this action requesting a three judge court to enjoin the Bar Association, and the Supreme Court of Washington for which it was acting, from proceeding with the hearing. His complaint alleged that the Washington statutes and rules governing the discipline of attorneys are unconstitutional in that they deny him a jury trial of his right to practice law of his mental capacity, and of his right to hold certain religious beliefs. Both defendants have filed motions to dismiss, alleging that they are immune from suit in Federal Court, and that the complaint fails to state a claim upon which relief could be granted.

■ We are of the opinion that this case is controlled by the recent decision of the Court of Appeals for the Ninth Circuit in Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966). In that case, after proceedings before a trial committee the Washington State Bar Association recommended and the Supreme Court of Washington ordered the disbarment of Clark for professional misconduct. Clark then sued the State of Washington and the Bar Association in the United States District Court, alleging that the disciplinary procedures violated his rights under the United States Constitution. He sought an order vacating the decree of the Supreme Court of Washington, an injunction to restrain the defendants from revoking his license to practice law, and an order requiring defendants to restore him to the list of active members of the Bar Association.[1] The district court dismissed the action, and the Court of Appeals affirmed. In holding that the district court did not have jurisdiction over the State of Washington, the Court stated:

> It has been established since Hans v. State of Louisiana, 134 U.S. 1, 10 S. Ct. 504, 33 L.Ed. 842, that a state is immune from federal court suits brought by its own citizens as well as by citizens of another state. This immunity is not affected by the fact that the case may be one arising under the Constitution or laws of the United States. Parden et al. v. Terminal Railway of the Alabama State Docks Dept., et al., 377 U.S. 184, 186, 84 S.Ct. 1207, 12 L.Ed.2d 233; Skokomish Indian Tribe v. France, 9 Cir., 269 F.2d 555, 560. A state may waive such immunity. State of Missouri, et al. v.

Fiske, et al., 290 U.S. 18, 24, 54 S.Ct. 18, 78 L.Ed. 145. There is nothing in the record before us, however, to indicate that the State of Washington waived its immunity from this kind of suit, or this particular suit, in federal court. (366 F.2d at 680).

The immunity afforded the State of Washington in the Clark case is equally applicable to the Supreme Court of Washington in this case. Furthermore, there is no more indication in this case than in Clark that such immunity has been waived. The motion to dismiss on behalf of the Supreme Court of Washington is therefore granted.

■■ The Court in Clark also dismissed the action as against the Washington State Bar Association, discussing four grounds which, "independently support the order of dismissal," (366 F.2d at 681). The first was that the Bar Association acted in disciplinary proceedings as an arm of the Supreme Court of Washington, and was therefore an integral part of the judicial process and entitled to immunity from suits relating to those proceedings. A second ground was that the district court was without power to issue an order to direct state courts or their officials in the performance of their duties, including disbarment proceedings; and therefore was unable to grant the relief sought by the plaintiff. Both of these grounds are applicable to the case at bar, and require us to grant the motion to dismiss the action as against the Washington State Bar Association.

It appearing that the complaint cannot be amended to state a valid cause of action, plaintiff's complaint is dismissed with prejudice.

1. A claim for damages was withdrawn upon Clark's appeal.