**Reuben G. LENSKE, Plaintiff,**

**v.**

**F. M. SERCOMBE, Clerk of the Supreme Court of the State of Oregon et al., Defendants.**

**Civ. No. 66-368.**

United States District Court
D. Oregon.
March 2, 1967.
Revised Supplemental Opinion
April 17, 1967.

---

Reuben G. Lenske, in pro. per.

Curtis W. Cutsforth, King, Miller, Anderson, Nash & Yerke, Portland, Or., Thomas H. Tongue, Hicks, Tongue, Dale & Strader, Portland, Or., for defendants.

## OPINION AND JUDGMENT

KILKENNY, District Judge:

Plaintiff charges the defendants with denying him due process of law in contravention of the Fifth and the Fourteenth Amendments in disbarring him from the practice of law and in convicting him of contempt of court. The cause is before the Court on defendants' motions for summary judgments.

Plaintiff was admitted to the practice of law in Oregon in 1925, and until 1964 was a member of the Oregon State Bar. While a member of the Oregon State Bar, he was convicted in this Court of the Federal crime of " * * * wilfully and knowingly attempting to evade and defeat a large part of income tax due and owing * * *." The Oregon State Bar filed a certified copy of the judgment of conviction with the Supreme Court of Oregon, and that Court, pursu-

ant to Rule I of its rules for admission of attorneys,[1] summarily suspended plaintiff from the practice of law in Oregon. The Oregon State Bar was notified of this suspension by letter, a copy of which was sent to plaintiff. Plaintiff continued to practice law. Later, the Oregon State Bar, as relator, commenced an original contempt proceeding in the Oregon Supreme Court, as a result of which the plaintiff was found guilty of indirect contempt and fined $500.00.[2] Plaintiff then filed a petition for writ of certiorari with the United States Supreme Court on the ground that he had been denied due process. This petition was denied. Lenske v. Oregon ex rel. Oregon State Bar, 384 U.S. 943, 86 S.Ct. 1460, 16 L.Ed.2d 541 (1966). Likewise, a petition for rehearing and reconsideration of the petition for a writ was denied, 384 U.S. 1028, 86 S.Ct. 1920, 16 L. Ed.2d 1047 (1966).

Named as defendants are the individual members of the Supreme Court of Oregon, the Clerk of the Court, the Secretary of the Oregon State Bar, the attorney for the Oregon State Bar and the individual members of the Board of Governors of the State Bar. Plaintiff's contentions of lack of due process, by the Supreme Court of Oregon, are stated in the footnote.[3] Other incidental contentions include a charge that he was entitled to a jury trial, that he was entitled to a trial in the county or the district where the alleged crime was committed, and that the Supreme Court "in effect issued a judicial bill of attainder and *ex post facto* law" by assessing a fine greater than that provided by Oregon law.[4]

Most, if not all, of the allegations against defendants are conclusions of law, or recitals, rather than statements of fact. With reference to this type of pleading, we must keep in mind that the plaintiff is a lawyer of over forty years experience and is presumed to know the ground rules of pleading and practice. Certainly, he is presumed to know the distinction between a conclusion of law and a statement of fact and the difference between an allegation of fact and one that is merely a recital. Although this case might well be decided on the total insufficiency of the complaint, I shall, nevertheless, offer my conclusions on the controlling principles as I view them.

The Supreme Court of Oregon has exclusive jurisdiction, under its common law and statutory powers, to suspend, disbar or reprimand members of the State Bar. ORS 9.480 grants to

1. "*Rule I. Suspension after conviction of crime.* Whenever it appears to the Supreme Court that any member of the bar has been convicted of a misdemeanor involving moral turpitude or of a felony, the Court may summarily suspend such member. * * *"

2. State ex rel. Oregon State Bar v. Lenske, Or., 405 P.2d 510 (1965), 407 P.2d 250 (1965).

3. "a. It directed a hearing before a Referee prejudiced against plaintiff and denied plaintiff the normal right of a citizen to cause a prejudiced Referee and prejudiced judges to be removed from consideration of his case when such prejudice was shown on the record in the manner generally followed in courts of the State of Oregon.
"b. Although contempt proceedings in Oregon are quasi-criminal proceedings, it permitted discovery proceedings against plaintiff.

"c. It failed to produce evidence of the suspension order or service of notice of the suspension order.
"d. It failed to limit the suspension order timewise.
"e. It failed to adduce evidence of intent or wilfulness.
"f. It denied plaintiff the right to present argument before the court or a brief relating to the findings of the Referee.
"g. It abused discretion by permitting an amendment to the initiating affidavit which is the initiating pleading in the nature of an indictment after trial before the referee and many months after plaintiff moved against the affidavit for insufficiency and many months after it had held the affidavit sufficient.
"h. It refused to confront plaintiff at trial, or hearing when evidence was adduced or at sentencing."

4. ORS 33.020.

**612**

the members of the Board of Governors the limited power to recommend to the Supreme Court the suspension, disbarment or reprimand of a lawyer. Obviously, an injunction against the defendants, other than the members of the Supreme Court, would be a futile act. Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Hackin v. Lockwood, 361 F.2d 499 (9th Cir. 1966), cert. denied Nov. 22, 1966, 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305. Consequently, I conclude that plaintiff is entitled to no relief, injunctive or otherwise, against defendants other than the Supreme Court of Oregon and the members thereof.

▆▆ Turning now to the relief, if any, available to plaintiff against the members of the State Supreme Court, it is generally held that the lower federal courts do not have jurisdiction to review state court orders with reference to the disbarment of attorneys. Selling v. Radford, 243 U.S. 46, 37 S.Ct. 377, 61 L.Ed. 585 (1917); In re MacNeil, 266 F.2d 167 (1st Cir. 1959), cert. denied MacNeil v. Julian, 361 U.S. 861, 80 S.Ct. 120, 4 L.Ed.2d 103 (1959); In re Noell, 93 F.2d 5 (8th Cir. 1937); In re Bennethum, 196 F.Supp. 541 (D.Del.1961); In re Crow, 181 F.Supp. 718 (N.D.Ohio E.D.1959); Keeley v. Evans, 271 F. 520 (9th Cir. 1921), appeal dismissed 257 U.S. 667, 42 S.Ct. 184, 66 L.Ed. 426 (1921). However, the Supreme Court of the United States will review such orders where petitioner makes a substantial allegation that the disbarment proceedings violated the due process or equal protection clause of the Fourteenth Amendment. Konigsberg v. State Bar of California, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957); In re Patterson, 353 U.S. 952, 77 S.Ct. 869, 1 L.Ed.2d 906 (1957), 356 U.S. 947, 78 S.Ct. 795, 2 L.Ed.2d 822 (1958).

▆ A thorough analysis of the Tenth Circuit cases consisting of Gately v. Sutton, 310 F.2d 107 (10th Cir. 1962) and Howard v. United States District Court for the District of Colorado, 318 F.2d 521 (10th Cir. 1963), and the First Circuit case of In re MacNeil, supra, convinces me that the limits of review of a state court action in disbarment proceedings, are confined to violations of the due process or equal protection clauses of the Fourteenth Amendment and that a petition for writ of certiorari to the Supreme Court of the United States is the exclusive method of review. As pontificated by Chief Judge Magruder in the *MacNeil* case, " * * * even a child would wonder how the federal district court could possibly have original jurisdiction of a proceeding looking to disbarment of a lawyer from practice in the courts of the state. * * * " Those who serve on the Benches of the Federal District Courts are sufficiently busy within the confines of their own constitutional and statutory authority, without trying to second guess a highly respectable court, such as the Supreme Court of Oregon, in connection with the admission, suspension and disbarment of attorneys. Clark v. State of Washington, supra, commends the position taken by the Tenth and First Circuits,[5] and supports these views.

Defendants' motions for summary judgments should be allowed, and the cause dismissed.

It is so ordered.

### REVISED SUPPLEMENTAL OPINION

▆ The recent decision of the three-judge court in Campbell v. Washington State Bar Association and the Supreme Court of the State of Washington, 263 F.Supp. 991 (9th Cir. 1967), is in full support of the conclusion reached in my original opinion. The doctrine of immunity as expounded in DeLong Corp. v. Oregon State Highway Commission, 233 F.Supp. 7 (D.Or.1964), aff'd. 343 F.2d 911 (9th Cir. 1965),

5. 366 F.2d 680–681.

should shield the Courts of the respective states and the members thereof. Moreover, the plaintiff cannot proceed against the individual Judges under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Pierson, et al, v. Ray, et al, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288. (April 11, 1967).