**Allen L. LAMAR**

v.

**118TH JUDICIAL DISTRICT COURT OF TEXAS.**

No. CA–1–482.

United States District Court,
N. D. Texas,
Fort Worth Division.

Oct. 16, 1970.

---

MEMORANDUM ORDER

BREWSTER, District Judge.

Petitioner is confined in the Texas Department of Corrections under a 25-year sentence imposed following his conviction for robbery by assault. By his petition in this Court under the Civil Rights Act, 42 U.S.C. Section 1983, petitioner seeks an order directing the judge of the convicting court to act upon a petition for writ of habeas corpus allegedly pending in that Court.

The allegations in petitioner's application are vague and conclusory, stating only that petitioner is being denied access to the courts and due process. For that reason alone, no claim is stated on which this Court can grant relief. Rule 12(b) (c), Federal Rules of Civil Procedure.

286

In any event, federal courts have no authority, even under the Civil Rights Act, to issue writs in the nature of mandamus to direct state courts and their judicial officers in the performance of their duties. Haggard v. State of Tennessee, 6 Cir., 421 F.2d 1384 (1970); Clark v. State of Washington, 9 Cir., 366 F.2d 678 (1966); Campbell v. Washington State Bar Ass'n, W.D. Wash., 263 F.Supp. 991 (1967).

The plaintiff is hereby authorized to commence and prosecute this action without prepayment of costs or giving of security therefor. 28 U.S.C. Section 1915(a).

For the reasons stated by the Court, the petition is totally without merit and the defendant will not be required to appear or to enter a formal motion to dismiss.

On its own motion, this Court hereby orders that the petition be dismissed for failure to state a claim on which relief can be granted. See Gilland v. Hyder, E.D.Tenn., 278 F.Supp. 189 (1967).