Curtis D. **HUTCHINSON** et al., Plaintifffs,

v.

Park J. **ANDERSON**, Warden, Oklahoma State Penitentiary, Defendant.

Civ. No. 73–230.

United ·States District Court, E. D. Oklahoma, Civil Division.

Oct. 29, 1973.

Hutchinson, pro se.

Ellis, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for defendant.

## ORDER TO DISMISS

DAUGHERTY, Chief Judge.

This is a civil rights action for damages brought by prisoners in the Oklahoma State Penitentiary at McAlester, Oklahoma. The substantive complaint of the plaintiffs is that prison regulations concerning hair are unconstitutional and therefore the administrative punishment imposed for violating the regulations is improper. Reference is also made to the need for medical treatment with no facts alleged in support of any such claim. The defendant has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.

The Motion must be sustained. In Freeman v. Flake, 448 F.2d 258, 259 (CA10 1971), cert. denied 405 U.S. 1032, 92 S.Ct. 1292, 31 L.Ed.2d 489, our Court of Appeals said:

"We are convinced that the United States Constitution and statutes do not impose on the federal courts the duty and responsibility of supervising the length of a student's hair."

A fortiori it may be said that the federal courts will not undertake the duty and responsibility of supervising the length and style of prison inmates' hair. The supervision of the internal affairs of correctional institutions including the discipline and care of inmates rests with the prison administrators and is not ordinarily subject to judicial review. Coppinger v. Townsend, 398 F.2d 392 (CA10 1968); Hatfield v. Bailleaux, 290 F.2d 632 (CA9 1961). Prison officials must be accorded latitude in the administration of prison affairs and the inmates are necessarily subject to appropriate rules and regulations. See Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Before the court will interfere it must appear that there has been a clear abuse or caprice on the part of prison officials. United States v. Smith, 464 F.2d 194 (CA10 1972); Bethea v. Crouse, 417 F.2d 504 (CA10 1969); Graham v. Willingham, 384 F.2d 367 (CA10 1967). No such showing is made here. Nor do the vague statements of the plaintiffs concerning medical treatment establish any right to relief. Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under the Civil Rights Act. Fletcher v. Hook, 446 F.2d 14 (CA3 1971); Lamar v. 118th Judicial District of Texas, 318 F.Supp. 285 (N.D.Tex.1971), affmd, 5 Cir., 440 F.2d 383. See also Martinez v. United States, 344 F.2d 325 (CA10 1965).

Accordingly, the Motion to Dismiss will be granted and the cause dismissed.

It is so ordered.