**Jesus Rivera ARVELO, Plaintiff,**

v.

**The SUPREME COURT OF PUERTO RICO, composed of its Chief Justice, Hon. Pedro Pérez Pimentel, et al., Defendants.**

**Civ. No. 970–73.**

United States District Court, D. Puerto Rico.

Aug. 29, 1974.

---

tered the Bar examination by defendant Board of Bar Examiners of Puerto Rico. Sometime thereafter, defendant Board of Bar Examiners submitted plaintiff's examination to defendant Supreme Court of Puerto Rico alleging a violation to the regulations. On September 21, 1973, the Supreme Court of Puerto Rico delivered the following resolution on plaintiff's case.

### "RESOLUTION
San Juan, Puerto Rico
September 21, 1973.

Having examined the answer notebooks of examinee Jesús Rivera Arvelo pertaining to questions 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10 of the bar examination held on September 5, 6, and 7, 1973 it is noted that said examinee wrote the following notation on each of said notebooks.

'Note:

Mr. Examiner, please forgive my handwriting, but yesterday I gashed two of my fingers. Thank you.'

This action by examinee Jesús Rivera Arvelo constitutes a violation of Rule 8 of the Regulations governing the Board of Bar Examiners and cause for immediate disqualification.

Pursuant thereto, examinee Jesús Rivera Arvelo is disqualified from the bar examination held September 5, 6 and 7, 1973.

It was so decided by the Court and certified by the Clerk. Mr. Associate Justice Rigau did not participate in the decision.

(Signed) José L. Carrasquillo
Clerk."

Santos P. Amadeo, José Enrique Amadeo, Rio Piedras, P. R., for plaintiff.

Francisco De Jesús Schuck, Secretary of Justice, Dept. of Justice, San Juan, P. R., for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

On September 5, 6 and 7, 1973, the plaintiff was admitted to and adminis-

On September 28, 1973, plaintiff filed a motion for reconsideration alleging that the Supreme Court had failed to specify which part of Rule 8 petitioner had violated and further alleging that the actions taken by the Board of Examiners and the Supreme Court of Puerto Rico in disqualifying him from the Bar examination held on September 5, 6 and 7, 1973, were unconstitutional. This motion was flatly denied.

Plaintiff came to this forum with a complaint for declaratory judgment, injunctive relief and/or mandamus requesting an order to show cause why defendants should not be ordered to grade his Bar examination and thus qualify him again for admission to the Bar. Instead, this Court issued an order to show cause why the instant case should not be dismissed for lack of jurisdiction or, on the other hand, that such action is cognizable by this Court.

Plaintiff contends that this Court has jurisdiction to entertain plaintiff's suit to redress violations of his right protected by 42 U.S.C.A. § 1983 and adds that the fact plaintiff had the right to appeal from the decision of the Supreme Court, does not mean that this Court is precluded from entertaining his suit.

In MacKay v. Nesbett, 285 F.Supp. 498 (1968), a proceeding was brought against a majority of the justices of the Alaska Supreme Court to have a disciplinary order of the Alaska Supreme Court declared void and enjoin its effect. In said case, the proceedings were brought in the United States District Court for the District of Alaska and plaintiff claimed that the Court had jurisdiction to enjoin enforcement of the alleged illegal and void order of the Alaska Supreme Court because (1) the litigation had ended (plaintiff had filed a petition for certiorari to the Supreme Court of the United States and the same had been denied) and an injunction would in no way interfere with the judicial process of Alaska; and (2) the Civil Rights Act empowered the Court to enjoin the enforcement of such orders. The District Court held that the admission and exclusion of attorneys by the members of the Supreme Court of a state is the exercise of a judicial function or act and judges are immune from suits arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdic-

tion over the subject matter. It held further that the Civil Rights Act creates no exception to this immunity and this doctrine of judicial immunity applies to a proceeding in which injunctive or other equitable relief is sought, as well as to suits for money damages.

The Court further stated that the right to practice law in the state courts is not a privilege granted by the Federal Constitution or laws and, as such, the privilege to practice law is subject only to the constitutional limitation that a state cannot exclude from the practice of law or from any other occupation in contravention of the due process or equal protection clauses of the Fourteenth Amendment. The Court then proceeded to declare itself without jurisdiction over the subject matter because:

(1) The Eleventh Amendment to the Constitution of the United States denies the federal courts authority to entertain a suit brought by a private party against a state without its consent and this immunity is afforded to the State of Alaska and is equally applicable to the Supreme Court of Alaska; and

(2) The limits of review in the course of disciplinary proceedings are violations of the due process or equal protection clauses of the Fourteenth Amendment, and a petition for a writ of certiorari to the Supreme Court of the United States is the only method by which such review may be had.

In that same case the United States Court of Appeals affirmed (412 F.2d 846, 1969) stating:

"Language in Theard v. United States, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), and holdings in Gately v. Sutton, 310 F.2d 107, 108 (10th Cir. 1962); Jones v. Hulse, 391 F.2d 198, 202 (8th Cir. 1968); and Lenske v. Sercombe, 266 F.Supp. 609, 612 (D.Or.1967), support the rule that orders of a state court relating to admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by

means of an original action in a lower federal court. The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems. . . ."

In Potts v. Honorable Justices of Supreme Court of Hawaii, 332 F.Supp. 1392 (1971), plaintiff brought a class action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 against the Justices of the Supreme Court of the State of Hawaii. The Court expressed itself on the question of jurisdiction as follows:

"Defendants urge that this court is without jurisdiction to hear the case. Defendants' position is that under Theard v. United States, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), a federal district court may not sit in judgment on any state court orders relating to the admission, discipline and disbarment of members of its bar, and that such orders may be reviewed only by the Supreme Court of the United States on certiorari to the state court. The same argument was presented to other three-judge courts, viz., Keenan v. Bd. of Law Examiners, 317 F.Supp. 1350 (E.D.N.C.1970); Webster v. Wofford, 321 F.Supp. 1259 (N.D.Ga.1970); Law Students Civil Rights Research Council, v. Wadmond, 299 F.Supp. 117 (S.D.N.Y.1969), aff'd 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749; and Lipman v. Van Zant, 329 F.Supp. 391, decided August 5, 1971 (D.C.N.Miss.). Each of those courts held that while *Theard* controls when questions of bar disciplinary proceedings not involving constitutional questions are concerned, it does not foreclose a three-judge district court from taking jurisdiction over a challenge on constitutional grounds to state bar admission requirements, whether prescribed by state statute, or by administrative or court rule. We agree."

■ In the instant case, plaintiff is not challenging the state bar admission requirements prescribed by court rule on constitutional grounds, he is merely claiming that defendants' actions and rulings are unconstitutional. Under such circumstances, and on the basis of the aforementioned decisions, this Court holds that the resolutions of the Supreme Court of Puerto Rico concerning plaintiff's disqualification may only be reviewed by the Supreme Court of the United States on certiorari.

■ Plaintiff also names as defendants all the members of the Board of Bar Examiners. From the allegations made in the complaint, it is clear that the Supreme Court of Puerto Rico is the one responsible for plaintiff's disqualification and, therefore, the Court understands that plaintiff has no cause of action against the members of the Board of Bar Examiners since they did not participate in this disqualification.

For the above stated reasons, this Court declares itself without jurisdiction over the subject matter and orders the dismissal of the instant case.