David W. CHILDS, Plaintiff,

v.

W.W. REYNOLDSON, et al.,
Defendants.

Civ. No. 84–887–E.

United States District Court,
S.D. Iowa, C.D.

May 8, 1985.

David W. Childs, Omaha, Neb., pro se.

John R. Perkins, Asst. Atty. Gen., Des
Moines, Iowa, for defendants.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

This matter comes before the Court on defendants' resisted motion to dismiss filed January 21, 1985. A hearing was held in Des Moines, Iowa on April 16, 1985. For the reasons stated below, the motion to dismiss is granted.

Plaintiff brings this diversity action for damages against the members of the Supreme Court of Iowa and Iowa Board of Law Examiners alleging that their wrongful conduct prevented him from being licensed as a lawyer in Iowa. Specifically, plaintiff alleges that the Board of Law Examiners (Board) violated Rule 102 of the Rules Governing Admission to the Bar. Appendix to Ch. 610, Code of Iowa (1983). Rule 102 states that the bar examination shall contain two questions of each of twelve "basic subjects" and one question on ethics and professional responsibility.

Also, Rule 102 sets forth ten "additional subjects" which the Board may, in its discretion, include on the test. During argument, plaintiff indicated that the June 1984 exam included only one question on the following "basic subjects": Civil Procedure, Constitutional Law, Federal Income Tax. Also, plaintiff felt that the examination included four questions on Evidence and three questions on Basic Real Property. Plaintiff further stated that the exam included one question on accounting, a subject not included in either the "basic" or "additional" subject list.

Plaintiff's brief states that he "agrees with the rules and administration as set up by the Supreme Court of Iowa, Plaintiff only wishes the defendants in this case had abided by those rules." Plaintiff argues that the individuals are the real parties in interest because their action was not lawfully authorized and, thus, was not action of the State. Plaintiff emphasized that his primary concern was in pursuing his claim against the members of the Board and that he was not particularly interested in suing the State of Iowa.

A. Real Party in Interest.

■ The defendants argue that the State of Iowa is the real party in interest and, therefore, no diversity of citizenship exists because states are not "citizens." The Court does not agree that the State of Iowa is the real party in interest. The Court in *Ronwin v. Shapiro*, 657 F.2d 1071, 1073 (9th Cir.1981), set forth the following test:

Although a number of factors may be considered, the crucial question in determining whether the suit should be regarded as one against the state is whether the named defendant has such independent status that a judgment against the defendant would not impact the state treasury.

That court, when addressing the claim against the individual defendants, stated:

Ronwin is suing the defendants individually, however; he is not suing the Law Review. Dickinson and Shapiro are not like the Board of Regents in that the state will have to pay the judgment if it is to be paid at all. Ronwin might attempt to satisfy any judgment from Dickinson and Shapiro personally. Funds from the State of Arizona are potentially involved in this case only if the State has voluntarily assumed the obligation of covering such risks under its indemnification program. We agree with Professor Tribe that "a state should not be able to turn a purely intramural arrangement with its officers into an extension of sovereign immunity." L. Tribe, *American Constitutional Law* 132–33 n. 22 (1978). In rejecting an eleventh amendment claim similar to this one, the court in *Palmer v. Penn-Ohio Road Materials, Inc.*, 470 F.Supp. 1199, 1203 (W.D.Pa. 1979), noted the "incongruous" result that would follow if "the state, by creating a fund to compensate victims, has somehow extended immunity [to state employees] so as to deny payment to the class of intended beneficiaries." We conclude that Dickinson and Shapiro are not protected by eleventh amendment immunity because the claim against them does not constitute a suit against the State of Arizona.

*Ronwin v. Shapiro*, 657 F.2d, at 1074–75. Similarly, plaintiff here has sued the defendants as individuals and might seek to satisfy any judgment against them personally. As the quote above indicates, the fact that Iowa has established the "Iowa Tort Claims Act," Ch. 25A, Code of Iowa, does not necessarily convert the State of Iowa into the real party in interest in this litigation. Furthermore, plaintiff seeks to recover for the harm caused by the failure of the individual members of the Board to follow Rule 102 in conducting the bar examination.

Accordingly, the Court holds that the named defendants are not simply nominal defendants and that they have a sufficient independent status that a judgment against them would not have to be paid by the State in order to be satisfied. Therefore, the State of Iowa is not the real party in interest.

**B. Eleventh Amendment.**

■ Having held that this suit against the individual defendants does not constitute a suit against the State of Iowa, it follows that the individual defendants are not protected by Eleventh Amendment immunity. *Ronwin v. Shapiro*, 657 F.2d, at 1075.

**C. Judicial Immunity.**

■ With respect to the defendants who are members of the Supreme Court of Iowa, the contention advocated is that they are entitled to absolute immunity. This position has two steps. First, defendants argue that regulating admission to the state bar is judicial action. Second, defendants assert that "judicial action", i.e., acts taken within a judge's judicial capacity, is protected by absolute immunity. In view of Ch. 610, Code of Iowa, the rules contained in the Appendix thereto, and *In re Summer*, 325 U.S. 561, 565 n. 6, 65 S.Ct. 1307, 1310 n. 6, 89 L.Ed. 1795 (1945), this Court concludes that the action taken by the justices of the Supreme Court of Iowa with respect to denying plaintiff admission to the bar was within the exercise of their judicial power, and as such, is protected by the absolute immunity set forth in *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Accordingly, plaintiff cannot maintain an action for damages against these defendants and they shall be dismissed.

**D. Quasi Judicial Immunity.**

■ Next, the Court must consider whether absolute quasi judicial immunity should be extended to the other named defendants who acted in various roles in administering the bar examination. In *Feldman v. State Bar of Law Examiners*, 438 F.2d 699, 705 (1971), the Eighth Circuit had occasion to recognize this issue but did not decide it.

What has been said above renders unnecessary a decision on the contention raised by defendants and which might well have some merit, that the Board of Law Examiners acts in a quasi judicial capacity as an integral part of the judicial process and as such enjoys judicial immunity from suit.

Defendants analogize the present case to those cases where courts have extended judicial immunity to protect the individuals involved in conducting disciplinary proceedings of the bar. *Simons v. Bellinger*, 643 F.2d 774 (D.C.Cir.1980); *Clarke v. State of Washington*, 366 F.2d 678, 681 n. 4 (9th Cir.1966). *See Rhodes v. Meyer*, 334 F.2d 709, 718 (8th Cir.1964). In *Simons v. Bellinger*, the court held that the members of a disciplinary committee were entitled to absolute immunity and, in so holding, stated:

> The [District of Columbia Court of Appeals Committee on Unauthorized Practice of Law] members' work is functionally comparable to the work of judges in a second respect. They serve as an arm of the court and perform a function which traditionally belongs to the judiciary. In this sense, the Committee's efforts to ascertain those practicing law without proper authority are judicial efforts.
>
> \* \* \* \* \* \*
>
> Thus, the Committee acts as a surrogate for those who sit on the bench. Indeed, were it not for the Committee, judges themselves might be forced to engage in the sort of inquiries which the plaintiffs have put in issue. In sum, the Committee members, as a bona fide arm of the Court of Appeals of the District of Columbia, must almost by definition make decisions comparable to those of a judge.

*Simons v. Bellinger*, 643 F.2d, at 780–81.

In the present case the Court finds that the Board acted as an arm of or surrogate for the Supreme Court of Iowa. As such, the Court holds that the individuals involved in various roles in administering the bar examination are entitled to absolute quasi judicial immunity. The Court does not agree with plaintiff's position that granting absolute immunity would mean that he has no remedy. First, there exists an internal appeal procedure which is set

forth in Rule 117.1 entitled "Review and Appeal." While the time limits set forth in that rule may be viewed by the plaintiff as harsh, the procedure exists nonetheless. Second, this Court's holding does not preclude the possibility of injunctive relief as a remedy to an individual aggrieved by misconduct of the Board. Third, plaintiff may be able to collect money damages by bringing a claim under the Iowa Tort Claims Act. The Court makes no comment on the merits of plaintiff's state tort claim action and the Court's holding is intended to have no impact on that proceeding.[1]

IT IS THEREFORE ORDERED that the defendants' motion to dismiss filed January 21, 1985 is hereby granted.

1. Granting absolute immunity to the individuals who administered the bar examination does not necessarily mean that the State of Iowa is not liable for their misconduct or negligence in administering the bar examination. Plaintiff indicated that he filed a claim with the state appeal board in September or October of 1984; that he received a form from the State requesting additional information; that he provided the additional information; and that he has yet to hear back from them. Plaintiff further indicated that he thought the procedure of submitting a claim was futile but that he did it in order to exhaust his remedies. As of the date this motion was argued, plaintiff had not filed a lawsuit in state district court.