Terry OLIVER

v.

SUPERIOR COURT OF PLYMOUTH COUNTY; and P. Mary Farina and Francis R. Powers, Individually and in their Official Capacity as Assistant Clerk of Court and Clerk of Court, respectively, Superior Court, Plymouth County.

Civ. A. No. 91–12720–Z.

United States District Court, D. Massachusetts.

Sept. 11, 1992.

MEMORANDUM OF DECISION

ZOBEL, District Judge.

The plaintiff, a federal prisoner formerly in the custody of the Massachusetts Department of Correction ("DOC"), sought the assistance of defendants in pursuing a separate cause of action against various DOC officials. He alleges that the defendants' actions violated his civil rights. Specifically, he asserts that the Superior Court of Plymouth County stymied his efforts to proceed against the DOC officials when it did not order service of process by any permissible means and did not order corrections officials to provide him with necessary mailing fees. He further claims that defendant Farina refused to file and submit one of plaintiff's motions and failed to respond or notify plaintiff regarding other filings. In addition, the plaintiff alleges that defendants Powers and Farina failed to supply him with a copy of the docket sheet.

Default judgments were entered against all defendants on May 29, 1992. The motion of all defendants to set aside the default judgments is granted.

In addition, the Superior Court of Plymouth County moves to dismiss the complaint against it on the ground that it is not amenable to suit under 42 U.S.C. § 1983.

The Superior Court of Plymouth County is a state entity for purposes of Eleventh Amendment immunity. *See Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir.1991) (Massachusetts Commission Against Discrimination, a state agency, considered state entity entitled to Eleventh Amendment immunity). A state entity for purposes of Eleventh Amendment immunity is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). The Superior Court is therefore not amenable to suit

**1274**

under § 1983.[1] Accordingly, the motion to dismiss the complaint against defendant Superior Court of Plymouth County is granted.

---

**1.** State officers may be sued for prospective relief under § 1983. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). However, plaintiff's ostensible request for injunctive relief against the Superior Court is, in fact, one for a writ of mandamus. He asks this Court to compel the Superior Court to perform various administrative functions. This Court does not have the power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. State of Washington,* 366 F.2d 678, 681 (9th Cir.1966).