**David GILCHRIST, Plaintiff–Appellant,**

**v.**

**ARIZONA SUPREME COURT; Thomas A. Zlakert, Chief Justice; State Bar of Arizona; Don Bivens, husband; Patricia Lee Refo, wife; John Berry, husband; Barbara Lou Berry, wife aka Jane Doe Berry; Robert Swartz, husband; April Swartz, wife aka Jane Doe Swartz; Gary S. Engle; Susan M. Engle, wife; Frederick J. Dieterle, husband; Judy Dieterle, wife, Defendants–Appellees.**

No. 00–15739.

D.C. No. CV–99–00629–PGR.

United States Court of Appeals, Ninth Circuit.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

1. The panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before WALLACE, NOONAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [2]

David Gilchrist appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that the Arizona state bar disciplinary rules are unconstitutional as applied to him. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for lack of subject matter jurisdiction and immunity under the Eleventh Amendment, *see Olson Farms, Inc. v.. Barbosa,* 134 F.3d 933, 936 (9th Cir.1998) (lack of subject matter jurisdiction); *Yakama Indian Nation v. Wash. Dep't of Revenue,* 176 F.3d 1241, 1245 (9th Cir.1999) (Eleventh Amendment immunity), and we affirm.

■ The district court was unsure whether the state bar disciplinary proceedings had been completed at the time of its order. If the proceedings were completed, the district court properly dismissed Gilchrist's claims for declaratory and injunctive relief under the *Rooker–Feldman* doctrine because Gilchrist's claims are inextricably intertwined with the state bar's decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Dubinka v. Judges of Superior Court,* 23 F.3d 218, 222 (9th Cir. 1994) (holding that a claim is inextricably intertwined when the district court must scrutinize both the challenged rule and the state's application of that rule).

■ If the state bar disciplinary proceedings were still pending, the district court properly dismissed Gilchrist's declaratory and injunctive relief under the *Younger* abstention doctrine because federal courts are required to abstain from interfering with pending state actions. *See Younger v. Harris,* 401 U.S. 37, 40, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

■ The district court properly dismissed Gilchrist's claims for monetary damages against the Arizona Supreme Court, its chief judge, and the state bar association because they are entitled to immunity under the Eleventh Amendment. *See Clark v. Washington,* 366 F.2d 678, 681 (9th Cir.1966).

■ The district court properly dismissed Gilchrist's claims for monetary damages against the state bar attorneys. *See id.* (stating that bar association prosecuting attorneys are immune from damages).

■ Because parties who initiate a complaint with the state bar are absolutely immune from suit, the district court properly dismissed Gilchrist's damages claim against his former clients and their attorney. *See Ashton–Blair v. Merrill,* 187

---

Ariz. 315, 317, 928 P.2d 1244 (1997); Ariz. Sup.Ct. R. 54(1).

To the extent that Gilchrist argued that Arizona Supreme Court Rule 54(1) is unconstitutional, the contention lacks merit. *See Martinez v. California,* 444 U.S. 277, 282 n. 5, 100 S.Ct. 553, 62 L.Ed.2d 481 (1980) (stating that the state may create immunities that effectively eliminate state cause of action as long as they are not arbitrary or irrational).

■ The district court properly dismissed Gilchrist's claim for equitable relief because Gilchrist failed to demonstrate that the Arizona Supreme Court and its chief justice are sufficiently connected to his disciplinary proceedings. *Cf. Supreme Court of Va. v. Consumers Union of United States, Inc.,* 446 U.S. 719, 736, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980) (stating that defendants are sufficiently connected when they have independent authority to initiate proceedings against attorneys).

■ The district court properly dismissed Gilchrist's *ex post facto* claim because Gilchrist failed to allege that the state bar rules were applied to him retroactively. *See United States v. Arzate-Nunez,* 18 F.3d 730, 733 (9th Cir.1994) (holding that the *ex post facto* clause bars any law which imposes a penalty for an act innocent when done).

■ The district court did not err in dismissing Gilchrist's bill of attainder claim because the disciplinary rules were not enacted solely against Gilchrist, and he was provided with due process protections at the disciplinary proceedings. *See Fresno Rifle & Pistol Club, Inc. v. Van De Kamp,* 965 F.2d 723, 727 (9th Cir.1992).

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. *See*

The district court properly dismissed Gilchrist's claim that the defendants violated his right to free speech because the defendants are entitled to immunity. *See Clark,* 366 F.2d at 681; Ariz. Sup.Ct. R. 54(1).

AFFIRMED.