IN RE PETITION OF EUGENE J. LORRING

No. 4206

June 17, 1959                                    340 P.2d 589

Petitioner in pro. per.

## OPINION

*Per Curiam:*

Petitioner has filed in this court his original "Petition for Leave to Take State Bar Examination." The prayer of such petition is that this court "waive the requirements of the rule in this instance and permit him to register and take the bar examination * * *." Petitioner

asserts that he is precluded "due to his lack of two years of college work in an approved college or university and the lack of accreditation by the American Bar Association of New Jersey Law School in the year 1925." The provision in question is section 4 of Rule I of the Rules of the Supreme Court requiring, among other things:

"* * * [E]ach applicant for admission to take a state bar examination after January 1, 1950 shall present sufficient evidence to establish to the satisfaction of the supreme court that the applicant has received a high school diploma and has completed 2 years of college work in an accredited college or university and has received a degree of bachelor of laws, or its equivalent, from a law school approved by the American Bar Association's committee on legal education and admissions to the bar."

In 1942 eligibility to take the examination under this section depended upon the applicant's possession of a high school diploma, *or its equivalent,* his completion of two years' college work, *or its equivalent,* and three years' study in a law school, *or an equivalent* amount of time in private or office study of law.

In 1946 this provision was amended. For applicants for permission to take a state bar examination to be held after January 1, 1950, the permission to show the equivalent was eliminated, and from that date the present rule in substance has existed.

The State of Nevada in thus acting joined a nationwide movement evidenced by recommendations and resolutions of Sections of the American Bar Association and by the activities of the National Conference of Bar Examiners to raise the standards of the bar, and one of the methods adopted by the State Bar of Nevada and the supreme court of this state to achieve this end was the requirement of proof of educational background before an applicant would be permitted to take the state bar examinations. To this was finally added the requirement for a law degree from a law school duly accredited by the Legal Education Section of the American Bar Association, whose first accredited list of law schools was certified in 1923.

As to the latter requirement, petitioner presents an excerpt from Rutgers School of Law bulletin 1957–1958. This shows the establishment of New Jersey Law School in 1908, the establishment of the Mercer Beasley School of Law at Newark, New Jersey, in 1926, the merger of the two in 1936 as University of Newark School of Law and its incorporation into Rutgers, the State University, in 1946. In 1941 the University of Newark Law School was placed on the approved list of schools of the American Bar Association.

Petitioner does not assert that this subsequent history of the New Jersey Law School should relate back to the time of his graduation from that school in 1925. And it is evident that its accreditation in 1941 can hardly be said to prove its entitlement to accreditation in 1925.

Mr. Lorring's petition shows that he enrolled in the New Jersey Law School in 1925 and graduated therefrom with a bachelor of laws degree in 1927, served a clerkship for one year, successfully passed the New Jersey state bar examination in 1929, practiced for three years and was admitted to practice as a counselor at law in New Jersey in 1937, and practiced continuously in that state from 1929 until 1951 when he changed his domicil to Nevada; that he was admitted to practice before the United States District Court for the District of New Jersey in 1929.

In view of the careful and continuous consideration given by this court and by its Board of Bar Examiners, acting as an arm of this court, in line with an understandable and admirable national trend, to the matter of educational requirements determining the eligibility of persons to take the state bar examinations, and of the very precise fixing of the dates upon which the several amendments were made to take effect, so as to prevent a hardship on those applicants who had geared their educational programs to then existing provisions, we are compelled to conclude that the present petition does not warrant an order of this court waiving the rules in question. Petition denied.

334

No. 4206

February 10, 1960 349 P.2d 156

Petitioner in pro. per.

OPINION ON REHEARING

*Per Curiam:*

On June 1, 1959 Eugene J. Lorring petitioned this court to waive the educational requirements of our rules in order to permit him to take the state bar examination. On June 17, 1959 this court filed its opinion denying that petition. 75 Nev. 330, 340 P.2d 589.

Petitioner, on February 8, 1960, over eight months after the denial of his first petition, filed herein petition for rehearing, denominated by him "Request for Rehearing." This request or petition is based upon the contention that our educational requirements were made effective retroactively and are in contravention of the federal and state constitutions.

(1) Our rules require a petition for rehearing to be filed within 15 days after the filing and publication of

the opinion and order. Rule 34 (2) S.C.R. The petition for rehearing is many months late and cannot be considered.

(2) It has long been a rule of this court that we shall not consider points raised for the first time in a petition for rehearing.

Rehearing denied.