IN THE MATTER OF THE PETITION OF MELVIN EDWARD SCHAENGOLD FOR REVIEW OF RECOMMENDATION OF BOARD OF BAR EXAMINERS THAT MEMBERSHIP IN THE STATE BAR OF NEVADA BE DENIED.

No. 5231

January 23, 1967                    422 P.2d 686

*Jerry Carr Whitehead,* of Reno, for the Board of Bar Examiners, State Bar of Nevada.

# OPINION

By the Court, THOMPSON, C. J.:

Melvin Schaengold passed the Nevada bar examination in 1965, but has not yet been admitted to practice. The Board of Bar Examiners recommends that he be denied admission because he "has had a long and sustained history of mental illness" which, in the opinion of the Board, impairs his judgment and ability to give advice to others. Three hospitalizations, the current testimony of a psychiatrist, and isolated occurrences in the life of Schaengold are the touchstone of its recommendation. We are asked to review that recommendation and decide whether Schaengold is eligible to practice law in Nevada. It is our judgment that he should be admitted to practice.

The applicant is a 48-year-old native citizen of the United States, a graduate of an approved law school, and a member in good standing of the Ohio bar since 1944. During the course of his professional career there, a number of complaints were lodged against him. None resulted in disciplinary action. Since coming to Nevada in 1964, he has supported himself mainly by doing legal research for various lawyers in this state. Letters from Ohio and Nevada attorneys attesting to his legal competency and good moral character are in the file before us. Indeed, the Board does not challenge his intellectual attainment or his good moral character. The recommendation against admission to the bar rests upon the notion that his mental illness suggests that he is now, and will continue to be, unfit to assume the responsibilities of a lawyer.

We do not share that view. The applicant has never been judicially declared incompetent, nor hospitalized other than by voluntary admission. In 1942, while a member of the armed forces, he became severely depressed and attempted suicide. His wife's illness precipitated this conduct. He was hospitalized for a few days. The staff psychiatrist recommended a disability discharge, which was granted. He returned to law school, completed his studies, and embarked upon a legal career in Ohio. More than 21 years later he voluntarily admitted himself for treatment to the Los Angeles County General Hospital, following another suicide attempt. He had ingested about 100 aspirin

tablets. His depression on that occasion resulted from a shattered love affair. He was treated and observed for one week, released, and returned to Cincinnati where he voluntarily admitted himself to the Jewish Hospital for further treatment. Twelve days later he was released with the recommendation that he continue to receive supportive psychotherapy.

The applicant has made no effort to conceal his misfortunes from the Board. He has been candid and forthright in response to inquiry. The Board suggested a current psychiatric examination, to which the applicant agreed. The doctor found him to be suffering from a form of psychosis characterized by a loosening of the thinking processes under pressure, which condition the doctor believes to be permanent. We think it noteworthy, however, that the doctor was unwilling to pass judgment upon Schaengold's ability to function as a lawyer.[1]

Isolated instances of poor emotional control are cited in the Board's report to us. In 1963 he committed an assault upon his girl friend in Los Angeles and was found guilty of a breach of the peace. The conviction was later expunged, pursuant to a statutory procedure. During the course of the Board's investigation, the applicant delivered a pocket copy of a book to the Secretary of the Board, with an acerbic inscription. At the hearing held by the Board, those present thought that the applicant was on the verge of losing self-control. The recited happenings are pointed to as corroborative of mental illness.

No case is cited denying bar admission for the reasons advanced here, nor have we found one. SCR 51,[2] governing

---

[1]"Q. Have you any evidence in those records where that (confusion) had any adverse effect on others than the applicant?

"A. . No, I don't. I think something ought to be clarified here. It is not my role to determine your role or ability to function in the legal area, and I have never said anything about this area on the work up. My role is solely to examine your thinking and to present it to the Board. If they want to make a judgment in terms of how you function as an attorney, this is their decision, not mine."

[2]SCR 51 reads: "An applicant for examination for a license to practice as an attorney and counselor at law in this state shall:

"1.   Be a citizen of the United States of America.

"2.   Have attained his majority.

"3.   Have been, and still be, a bona fide resident of the State of Nevada for a period of at least 6  months preceding the examination for which he applies, and shall have been physically present within the State of Nevada during all of the 6-month period for which bona fide residence is claimed. Should a bona fide resident, after completing the 6-month residence requirement above, absent himself from Nevada with the intention in good faith to return without delay and continue his residence, the time of such absence shall not result in the loss of the applicant's bona fide residence.

the qualifications of applicants, does not preclude Schaengold. One need not show the absence of recorded emotional disturbance, or mental illness, before being eligible to write the bar examination. SCR 70 refers to the denial of admission to practice, for failure to pass the examination "or upon the applicant's failure to qualify in any other particular." The quoted phrase refers to the qualifications expressed in SCR 51 and does not embrace the case before us. SCR 72 deals with a denial of admission, for failure to meet character standards, and does not touch this case. SCR 114 does allude to mental incompetency, but is operative only against those who are licensed to practice in this state and later become ill.

Perhaps we possess inherent power to deny admission for reasons other than those expressed in our rules of court. The Board presses the thought that we do possess such power and asks that we invoke it here. We need not decide the point. We are impelled to rule for Mr. Schaengold mainly because of the uncertainty which inheres in evaluating mental and emotional disturbances. Psychiatry is far from being an exact science. A mental or emotional disturbance requiring treatment is not an uncommon experience for many successful business and professional people. We fear that a grave injustice may result if we were to approve the Board's recommendation. The price of error is too great.

■■■■■■

The practice of law is not a matter of the State's grace or favor. Ex parte Garland, 4 Wall. 333 (1866); Schware v. Board of Bar Examiners, 353 U.S. 232 (1957). For those who

"4. If application for admission is made prior to September 12, 1966, have completed satisfactorily 2 years of college work in an accredited college or university.

"5. If application for admission is made after September 12, 1966, have completed satisfactorily 3 years of college work in an accredited college or university, or have completed satisfactorily 2 years of college work if he was enrolled in a 4-year full-time law school program of an accredited college or university, and shall present evidence of the same.

"6. Have received a degree of bachelor of laws, or an equivalent law degree, from a law school approved by the committee on legal education and admissions to the bar of the American Bar Association, and shall present evidence of the same.

"7. Demonstrate that he is of good moral character and that he is willing and able to abide by the high ethical standards required of attorneys and counselors at law.

"8. Not have been refused admission to practice law, or have been disbarred from the practice of law, in any state or before any court or governmental agency of the United States on the ground of unfitness of character."

possess the necessary qualifications it is a right. Ex parte Kellar, 81 Nev. 240, 401 P.2d 616 (1965); Willner v. Committee on Character, 373 U.S. 96 (1963). We hold the Board of Bar Examiners in high regard and appreciate its untiring service to this court and to the Bar of Nevada. The ultimate responsibility, however, rests with us. On the record before us, we conclude that Melvin Schaengold is entitled to practice law in Nevada. It is so ordered.

COLLINS and ZENOFF, JJ., concur.