**Joseph CADENA et al., Plaintiffs-Appellants,**

**v.**

**Claude E. PERASSO, Defendant-Appellee.**

**No. 73–1178.**

United States Court of Appeals, Ninth Circuit.

May 28, 1974.

Jack Morgan, San Francisco, Cal., for plaintiffs-appellants.

Tom O'Connor, City Atty., George E. Krueger, Deputy City Atty., Evelle J.

Younger, Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before ELY, WRIGHT and GOODWIN, Circuit Judges.

## OPINION

EUGENE A. WRIGHT, Circuit Judge:

Plaintiffs in this civil rights action, brought on behalf of themselves and all others similarly situated, sought injunctive relief, a declaratory judgment and damages against the defendant, a San Francisco municipal court judge. They complained that the defendant had violated their constitutional rights by the manner in which he conducted probation revocation proceedings. We affirm the district court's dismissal of the complaint on the ground that Judge Perasso was immune from civil liability for acts committed in his judicial capacity. We also affirm denial of injunctive relief.

According to the complaint, the eight plaintiffs and others on probation were brought before Judge Perasso for arraignment on new felony complaints. Under the pretense of setting bail on the new offense, the judge examined the arrest record of each accused, noted that he or she was on probation, and on his own motion moved to revoke probation. Then, having read the police report of the new offense, the judge revoked probation.

The plaintiffs allege that they were denied assistance of counsel, written notice of the alleged probation violation, the opportunity to be heard, and the opportunity to present witnesses on their own behalf. They allege further that Judge Perasso should have been disqualified from proceeding in criminal matters because he was at one time a public defender and that California law prevented him from sitting as a judge in cases involving any probationers who had been represented by the defender's office while he was employed there. The district judge disposed of this last contention with the observation that California has adequate statutory procedures for the disqualification of any judge by timely challenge.

A judicial officer is clearly immune from liability for damages for his judicial actions. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The immunity applies even if the judge is accused of acting maliciously or corruptly.

In Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), the Supreme Court held that the Civil Rights Act [42 U.S.C. § 1983] is an exception to the anti-injunction statute [28 U.S.C. § 2283]. The court explicitly stated, however, that "we do not question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding." *Id.* at 243.

When there is an adequate remedy at law, and when there will be no irreparable injury if equitable relief is denied, there is no need for a court of equity to interfere with state criminal proceedings. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In O'Shea v. Littleton, 414 U.S. 488, 500, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974), the court stated that where there is a question of adjudicating claims of noncompliance with valid state laws, "an ongoing federal audit of state criminal proceedings" would be necessary, "[and] would indirectly accomplish the kind of interference that Younger v. Harris and related cases sought to prevent."

Affirmed.