**Ronald R. SILVERTON, Plaintiff,**

v.

**DEPARTMENT OF the TREASURY of the United States of America, Office of the Director of Practice, Leslie S. Shapiro, Director of Practice, John J. Corcoran, County Clerk and Clerk of the Superior Court of California, County of Los Angeles, the State Bar of California, the California State Board of Accountancy, Defendants.**

**No. 77–4656–AAH.**

United States District Court, C. D. California.

May 5, 1978.

---

Ronald R. Silverton, in pro per.

Robert M. Sweet, Los Angeles, Cal., for The State Bar of California.

Evelle J. Younger, Atty. Gen., by Alan A. Mangels, Deputy Atty. Gen., Los Angeles, Cal., for The California State Board of Accountancy.

HAUK, District Judge.

## ORDER DISMISSING STATE BAR OF CALIFORNIA

The motion of defendant The State Bar of California to dismiss the above entitled action upon the grounds that the Court lacks jurisdiction over the subject matter and that the First Amended Complaint fails to state a claim upon which relief can be granted came on regularly for hearing on Monday, April 17, 1978, before the Honorable A. Andrew Hauk, United States District Judge Presiding in Courtroom No. 1 of the above entitled court. Plaintiff appeared pro se and defendant The State Bar of California ("State Bar") appeared by and through counsel, Robert M. Sweet. After considering the records and files herein, including Points and Authorities filed by the respective parties, and after taking judicial notice of certain matters as hereinafter specified, the Court, being fully advised in the premises, finds and concludes that plaintiff's First Amended Complaint and action against defendant State Bar are fatally defective for each and all the following reasons:

■ 1. This court lacks subject matter jurisdiction to review alleged federal constitutional defects in the final order of the Supreme Court of California disbarring plaintiff from the practice of law in California (as reported in *Silverton v. State Bar,* 14 Cal.3d 517, 121 Cal.Rptr. 596, 535 P.2d 724 (1975)). Plaintiff's sole recourse from said order was by way of petition for writ of certiorari to the Supreme Court of the United States, which remedy plaintiff failed to pursue. Plaintiff may not in effect obtain such review here by the device of seeking this Court's injunction requiring defendant State Bar to expunge from its records (as an administrative arm of the Supreme Court of California) " . . . any and all reference to the disbarment of [plaintiff] from the practice of law." This is not the unusual or extreme case where this court may have power to order expunction of state arrest or criminal conviction records because the arrest was unlawful;

because the arrest represented harassing action by the police; or because the statutes under which plaintiff suffered his criminal conviction and subsequent disbarment are themselves alleged to be unconstitutional; or because, for reasons beyond the control of the plaintiff, he has been denied fundamental constitutional rights without knowledge or prior opportunity to litigate such issues in state or federal courts. *Shipp v. Todd,* 568 F.2d 133 (9th Cir. 1978).

■ 2. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against defendant State Bar because it is an agency or instrumentality in the judicial branch of government of the State of California, functioning as an administrative arm of the Supreme Court of California in matters relating to the admission, discipline, and reinstatement of attorneys; and defendant State Bar therefore is not a "person" amenable to suit within the purview of 42 U.S.C. § 1983. *Clark v. State of Washington,* 366 F.2d 678, 681 (9th Cir. 1966).

■ 3. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against defendant State Bar under 42 U.S.C. § 1981 because plaintiff has not alleged that the criminal proceedings or the subsequent and independent disciplinary proceedings which culminated in plaintiff's disbarment were in any way the result of race discrimination. *Vogel v. Torrance Board of Education,* 447 F.Supp. 258 (C.D.Cal.1978); *League of Academic Women v. Regents,* 343 F.Supp. 636 (N.D.Cal.1972).

■ 4. Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against defendant State Bar because the issues relating to the alleged constitutional defects in plaintiff's criminal conviction and the subsequent disciplinary proceedings resulted in plaintiff's disbarment have been fully and finally litigated against plaintiff in prior state and federal court proceedings; and plaintiff's action is therefore barred by the doctrine of res judicata. In this respect, the court takes judicial notice of the following:

(a) In 1972, plaintiff was convicted in the Superior Court of California, County of Los Angeles, of the felonies of conspiracy to defraud and solicitation of grand theft (Sup.Ct. No. A–281235). The judgment of conviction was affirmed by the Court of Appeal of California in an unpublished opinion filed October 31, 1972. (*People v. Silverton,* 2nd Crim.No. 21868). The Supreme Court of California denied plaintiff's petition for hearing by order filed December 29, 1972. And the United States Supreme Court dismissed plaintiff's appeal for want of a substantial federal question. 412 U.S. 901 [93 S.Ct. 2292, 36 L.Ed.2d 967] (1973), reh'g den., 414 U.S. 882 [94 S.Ct. 39, 38 L.Ed.2d 129] (1973).

(b) As is reflected by the "Statement of the Case" in plaintiff's points and authorities in opposition to motion to dismiss, after his criminal conviction became final, plaintiff filed a habeas corpus proceeding in the Superior Court of California alleging, inter alia, that he did not receive a fair trial in the criminal action in that the judge allegedly (i) considered matters (*i. e.,* "contentions") regarding plaintiff's guilt which he heard outside the courtroom and in the absence of plaintiff or his counsel; and (ii) misrepresented his view of plaintiff's guilt and thereby induced plaintiff to waive his rights to trial by jury and to confront witnesses, submitting the issue of guilt on the transcript of the preliminary hearing. (These, of course, are the very same issues raised in the instant proceedings.) After an evidentiary hearing, the Superior Court of California denied plaintiff's petition for writ of habeas corpus. Thereafter, in April 1974, the Court of Appeal of California denied plaintiff's petition for writ of habeas corpus (2nd Crim.No. 24943); and in May 1974, the Supreme Court of California denied plaintiff's petition for hearing on such denial.

(c) Plaintiff again raised the same issues (*i. e.,* the alleged misconduct of the trial judge in considering extra-judicial matters and denial of plaintiff's rights to trial by jury and to confront witnesses) in a petition for writ of habeas corpus filed herein in 1974. See *Ronald R. Silverton v. California Adult Authority,* U.S.D.C., C.D.Cal. No. CV 74–1636–MML(T). As the records of this court reveal, plaintiff's petition was denied by judgment entered on March 31, 1975; and thereafter the court denied plaintiff's applications for reconsideration and for a certificate of probable cause for appeal. Subsequently, the United States Court of Appeals, Ninth Circuit, dismissed plaintiff's appeal as "legally frivolous" (CA No. 75–8390); and the United States Supreme Court denied plaintiff's petition for writ of certiorari. 425 U.S. 912 [96 S.Ct. 1509, 47 L.Ed.2d 762] (1976).

(d) In 1975 plaintiff was disbarred from the practice of law in the courts of the State of California by order of the Supreme Court of California (L.A. No. 30359), as reported in 14 Cal.3d 517 [121 Cal.Rptr. 596, 535 P.2d 724.] That order is final, plaintiff having failed to file a petition for writ of certiorari in the United States Supreme Court.

Plaintiff did not request leave to amend his First Amended Complaint and it appears to the court that plaintiff can prove no set of facts in support of his claim which could entitle him to relief against defendant State Bar.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within action and First Amended Complaint are dismissed as to defendant The State Bar of California, with prejudice.

## ORDER DISMISSING ALL OTHER DEFENDANTS

At the time of the aforesaid hearing on the motion of the defendant State Bar of California to dismiss the plaintiff's First Amended Complaint, the Court also heard a motion of the defendant California State Board of Accountancy to dismiss it. After reviewing both of these motions and the points and authorities submitted therewith, as well as all other pleadings and

matters on file in this case, and after careful consideration of relevant principles of law, the Court grants the motion of the California State Board of Accountancy to dismiss with prejudice; and, additionally, on its own motion, dismisses the plaintiff's First Amended Complaint with prejudice against the other named defendants, to wit, the Department of the Treasury of the United States of America and John J. Corcoran, County Clerk and Clerk of the Superior Court of California, County of Los Angeles, for the following reasons:

(1) Plaintiff's First Amended Complaint fails to state a claim upon which relief could be granted against the defendant Department of the Treasury because (1) the decision of the Department of the Treasury to disbar the plaintiff from practice before the Internal Revenue Service is clearly supported by substantial evidence in that plaintiff was convicted of a crime involving moral turpitude; and (2) the Administrative Procedure Act is not violative of the fourteenth amendment.

(2) Plaintiff's First Amended Complaint fails to state a claim upon which relief could be granted against defendants John J. Corcoran and the California State Board of Accountancy because plaintiff's challenge to his state court criminal conviction, which forms the basis of his first amended complaint, has already been litigated and decided adversely to the plaintiff in a federal habeas corpus action and principles of res judicata bar him from relitigating the same issue in this court.

LET JUDGMENT BE ENTERED ACCORDINGLY.