455 F.Supp. 1373 (1978)
Edward J. NEWSOME, Pamela D. Pullman, Freddie H. Rasheed, Diane H. Ridley, Mary P. Sheppard, Individually and on behalf of all others similarly situated. Plaintiffs,
v.
P. Pierre DOMINIQUE, in his official capacity as member of the Missouri State Board of Law Examiners, Edward R. Jayne, in his official capacity as member of the Missouri State Board of Law Examiners, Alan C. Kohn, in his official capacity as member of the Missouri State Board of Law Examiners, John F. Marvin, in his official capacity as member of the Missouri State Board of Law Examiners, Thomas G. Strong, in his official capacity as member of the Missouri State Board of Law Examiners, Defendants.
No. 78-797C(3).
United States District Court, E. D. Missouri, E. D.
September 20, 1978.
*1374 David A. Lang, St. Louis, Mo., for plaintiffs.
Richmond C. Coburn and Jonathan Ries, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
This matter is before the Court upon defendants' motion to dismiss plaintiffs' complaint. Plaintiffs, who are all black law school graduates, filed this suit pursuant to 28 U.S.C. § 1343 against defendants in their official capacities as members of the Missouri State Board of Law Examiners. Plaintiffs allege a denial of equal protection and due process of law in that defendants allegedly apply an arbitrary cutoff score for overall performance on the Missouri state bar examinations; apply an arbitrary cutoff score for performance on the multi-state portion of the examination; apply an arbitrary cutoff score for performance on the essay portion of the examination and/or each section of the essay portion; apply arbitrary standards for determining which applicants who score below the cutoff point will nevertheless be certified for a license to practice law; adopt and apply arbitrary and unreasonable re-testing procedures; routinely deny requests by applicants for reconsideration and fail to provide any opportunity for a hearing; grade examination papers with the specific intent and purpose of assigning failing scores to some papers; conspire to deny certification to a certain percentage of applicants; score examinations in an arbitrary manner; and discriminate against black applicants for certification on account of their race.
Defendants contend that the complaint fails to state a claim upon which relief can be granted. In addition, defendants argue that this Court lacks jurisdiction and that in any event, the Court should abstain herein. Plaintiffs have not responded to this motion.
The Board of Law Examiners is authorized to conduct the bar examination. Missouri Supreme Court Rule 8.02. In addition, the Board is required to certify to the Missouri Supreme Court all applicants who have passed the examination.
. . . and the applicants so certified who are otherwise qualified and who meet the residence requirements of [Missouri Supreme Court] Rule 8.13, shall be granted a license to practice law upon taking and subscribing the oath or affirmation prescribed . . .. Missouri Supreme Court Rule 8.08.
It is not the Board who determines which applicants shall be granted licenses to practice law; that is determined by the Missouri Supreme Court. Feldman v. State Board of Law Examiners, 438 F.2d 699 (8th Cir. 1971); Doe v. Pringle, 550 F.2d 596 (10th Cir. 1976); Whitfield v. Illinois Board of Law Examiners, 504 F.2d 474 (7th Cir. 1974).
*1375 This Court is clearly without jurisdiction to review the denial of a license to practice law with respect to particular applicants.
Admission to practice in a state and before its courts is primarily a matter of state concern. [citation omitted] And the determination of which individuals have the requisite knowledge and skill to practice may properly be committed to a body such as the Illinois Board of Law Examiners. [citation omitted] A federal court is not justified in interfering with this determination unless there is proof that it was predicated upon a constitutionally impermissible reason. Whitfield, supra at 477.
See also Doe v. Pringle, supra at 599. Allegations of arbitrary cutoff scores and retesting procedures are simply insufficient to justify this Court's intervention into matters entrusted to the Missouri Supreme Court. See Feldman, supra; Taylor v. Vickery, 517 F.2d 1089 (5th Cir. 1975).
The claim that requests for reconsiderations are routinely denied is also not cognizable here. Plaintiffs' only remedy lies with the Missouri Supreme Court and the United States Supreme Court. See Feldman, supra; Doe v. Pringle, supra.
Claims of racial discrimination on the part of bar examiners have been heard by the courts. See Tyler v. Vickery, supra; Parrish v. Board of Commissioners of the Alabama State Bar, 533 F.2d 942 (5th Cir. 1976); Richardson v. McFadden, 563 F.2d 1130 (4th Cir. 1977) (court raised doubts about its subject matter jurisdiction but exercised the same in view of the lack of proof presented by plaintiffs); Feldman, supra. Accordingly, the Court concludes that jurisdiction exists to hear plaintiffs' claim of racial discrimination.
Defendants contend that they are immune from suit herein because they are officials of the judiciary. See Smallwood v. United States, 358 F.Supp. 398 (E.D.Mo. 1973). It is the Court's conclusion, however, that the doctrine of judicial immunity should be applied with reference to these defendants and under these circumstances. Cf., McCray v. State of Maryland, 456 F.2d 1 (4th Cir. 1972). Defendants' argument concerning abstention is rejected. The nature of the claim asserted is not such that warrants abstention herein.
Defendants' motion to dismiss will be denied in part and granted in part.