**Martha Malone LOUIS, Plaintiff,**

v.

**SUPREME COURT OF NEVADA, Honorable John Mowbray, Honorable Gordon R. Thompson, Honorable E. M. Gunderson, Honorable Noel E. Manoukian, Honorable Cameron Batjer, the State Bar of Nevada, and the Board of Bar Examiners of the State Bar of Nevada, Defendants.**

**No. CIV–R–79–176–ECR.**

United States District Court, D. Nevada.

April 16, 1980.

Stephens, Kosach & Knight, Reno, Nev., for plaintiff.

Donald F. Klasic, Deputy Atty. Gen., Carson City, Nev., for Supreme Court of Nevada and Justices Mowbray, Thompson, Gunderson, Manoukian and Batjer.

Eleissa C. Lavelle, Las Vegas, Nev., for State Bar of Nevada and Board of Bar Examiners.

## ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff has filed a complaint against the Supreme Court of Nevada, the five individual justices of that Court, The State Bar and the Board of Bar Examiners of the State Bar. She seeks a judgment ordering the defendants to permit her to take the 1980 Nevada bar examination, money damages and attorney fees.

At the time of the filing of her complaint, the plaintiff had been licensed to practice law in the State of California for thirty-six years. She became a resident of Nevada in 1970. In 1978, the plaintiff applied to take the Nevada bar examination and was refused permission. The next year she applied again and was once more refused. The reason for these refusals was that the plaintiff is a graduate of a law school not accredited by the American Bar Association. Nevada Supreme Court Rule 51(3) requires that an applicant for examination have received an LL.B. or equivalent degree from a law school approved by the committee on legal education and admissions to the bar of the American Bar Association.

After the 1979 refusal, the plaintiff petitioned the Nevada Supreme Court to waive said requirement and allow her to take the examination. The petition was denied. Subsequently, her motion for reconsideration was denied by the Nevada Supreme Court.

The instant litigation then was commenced in the United States District Court. Jurisdiction was invoked pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The latter statute is part of the Civil Rights Act; the former grants original jurisdiction to the federal district courts to entertain civil actions to redress the deprivation, under color of state law, of any right secured by the U. S. Constitution.

The plaintiff alleges that a number of male graduates of unaccredited law schools have been permitted to sit for Nevada bar examinations pursuant to waiver by the defendants, and have been admitted to practice if they passed. Affidavits by deputies attorney general that are part of the case file indicate that between 1971 and 1978, inclusive, nine men and no women petitioned for waiver of the accredited law school rule. Seven waivers were granted and two were denied. In 1979, seven men and two women applied for such waiver. It was granted as to one man and denied to all the others. On the other hand, late applications to take the bar examination were made by six women in 1976 and by four women in 1978. All ten applications were granted.

The complaint alleges that, in light of the precedent of the aforementioned granting of some waivers, the denial of like treatment to the plaintiff and others constituted arbitrary, capricious and unequal exercise of discretion by the defendants, resulting in violation of the equal protection and due process rights generated by the Fourteenth Amendment to the U. S. Constitution.

All of the defendants have moved to dismiss the complaint pursuant to Fed.R.Civ.P. Rule 12. The Supreme Court of Nevada and the individual justices thereof cite Rule 12(b)(6), for failure of the plaintiff to state a claim upon which relief can be granted. One ground argued in support of the motion is that only a hypothetical case, as contrasted to an actual case or controversy, has been stated, in that the plaintiff has not formally applied for permission to sit for the 1980 examination (scheduled for July 30 and 31, 1980). The points and authorities in support of the motion to dismiss suggest that it is not impossible that permission would be granted this time, for whatever reason.

Other grounds for dismissal advanced by the Supreme Court and the individual justices are that recovery of money damages that would have to be paid from the State treasury are barred by the Eleventh Amendment to the U. S. Constitution; that the Nevada Supreme Court, as an entity, is not a "person" who can deprive another of rights under color of state law within the meaning of 42 U.S.C. § 1983; and that the justices are immune from money damages in civil rights actions.

Defendants State Bar of Nevada and the Board of Bar Examiners base their motion to dismiss upon Rule 12(b)(1), contending lack of subject matter jurisdiction in this U. S. District Court. Cases are cited which hold that the only avenue of review of the State Supreme Court's decision is via petition to the United States Supreme Court for a writ of certiorari. Another ground for the motion is that the State Bar is not a proper party to the action. Also, it is contended that the case is not justiciable for failure to comply with the case or controversy requirement imposed by Art. III, sec. 2 of the U. S. Constitution. Finally, the supporting papers to the motion contend that the plaintiff has failed to state facts in her complaint amounting to a denial of due process or equal protection, so that Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.

For the purposes of these motions, the Court must deem all factual allegations by the plaintiff to be true. *Mirin v. Justices of Supreme Court of Nevada*, 415 F.Supp. 1178 (D.Nev.1976).

Subject Matter Jurisdiction:

■ Nevada Supreme Court Rule 70 provides that an applicant not recommended by the Board of Bar Examiners may petition the State Supreme Court for review of the adverse recommendation. The petition must show that the applicant meets the qualifications set forth in Nevada Supreme Court Rule 51 and, if appropriate, that the applicant was prevented from passing the bar examination by reason of the fraud, imposition or coercion of the Board of Bar Examiners. The burden is then upon the applicant to establish to the satisfaction of said Court that he or she meets the Rule 51 qualifications and, if applicable, that failure to attain a passing examination grade was due to such fraud, imposition or coercion. See *Sutton v. Lionel*, 585 F.2d 400 (9th Cir. 1978).

In the instant action, the plaintiff did not meet the Rule 51 requirement of graduation from an A.B.A.-approved law school, therefore she could not possibly satisfy the Supreme Court that she meets all the qualifications of that Rule. Further, she was not permitted to sit for the bar examination. As a result, no issue could be presented to the Court relating to the reason for a failing grade. By reason of the restrictive nature of Rule 70 as to bases for review, nothing could be presented to the Supreme Court for adjudication. All the plaintiff could do was petition that Court to waive the approved law school requirement. This she did, unsuccessfully.

An often-quoted passage concerning jurisdiction in cases like this is found in *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969), where an Alaska attorney sought a federal court to enjoin and declare invalid an order of the Alaska Supreme Court which suspended him from the practice of law for one year. At page 846, the Ninth Circuit's opinion states: ". . . orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." Since the *MacKay* case involved a disciplinary action, it may be contended that the inclusion of orders concerning admission in the quoted statement was unnecessary to the resolution of the case, i. e., dictum. However, the rule has been adhered to in many jurisdictions, regardless of whether admission, discipline or disbarment was involved. In any event, the *MacKay* rule is not controlling here.

■ One important reason for not permitting a lower federal court to review the state court's order is that the issues decided by the state court are res judicata. As such they cannot again be litigated in the federal court. *Goodrich v. Supreme Court of State of South Dakota*, 511 F.2d 316 (8th Cir. 1975); *Lipman v. VanZant*, 329 F.Supp. 391 (N.D.Miss.1971). However, res judicata effect may not be given to the state court's order as to federal constitutional issues that were not litigated and could not be litigated in the state tribunal. *Martinez Rivera v. Trias Monge*, 587 F.2d 539 (1st Cir. 1978); see also *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122 (7th Cir. 1977); *Lipman v. VanZant*, supra. Such was the situation as to the plaintiff herein. She was procedurally unable to raise constitutional issues in her petition to the Nevada Supreme Court for waiver of the approved law school requirement of Nevada Supreme Court Rule 51. Nor could she have asked review by the State Supreme Court, pursuant to Rule 70, of the Board of Bar Examiners refusal to let her sit for the bar examination. Her claims of denial of the Fourteenth Amendment equal protection and due process guarantees were not raised before the Nevada Supreme Court and could not have been raised there.

■ If the constitutional issues had been raised in the State Supreme Court and decided erroneously, appeal to the United States Supreme Court would have been the only available procedure to correct the error; the jurisdiction of the U. S. District Courts is original only, and not appellate. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). However, where, as here, the constitutional claims were not and could not have been raised in the state court, a U. S. District Court has subject matter jurisdiction to determine whether the adverse state court order was predicated on constitutionally impermissible reasons. *Martin-Trigona v. Underwood*, 529 F.2d 33 (7th Cir. 1975); *Whitfield v. Illinois Board of Law Examiners*, 504 F.2d 474 (7th Cir. 1974); *Keenan v. Board of Law Examiners of State of N. C.*, 317 F.Supp. 1350 (E.D.N.C.1970); *Shenfield v.*

*Prather*, 387 F.Supp. 676 (N.D.Miss.1974); *Newsome v. Dominique*, 455 F.Supp. 1373 (E.D.Mo.1978); see also *Potts v. Honorable Justices of Supreme Court of Hawaii*, 332 F.Supp. 1392 (D.Haw.1971). In exercising such jurisdiction, the federal court is confined to adjudicating those facts necessary to resolve the constitutional claims. See *Peterson v. Sheran*, 474 F.Supp. 1215 (D.Minn.1979); *Hickey v. District of Columbia Court of Appeals*, 457 F.Supp. 584 (D.C. D.C.1978); *Alsager v. District Court of Polk Cty., Iowa (Juv. Div.)*, 518 F.2d 1160 (8th Cir. 1975); *Wiesenfeld v. State of N. Y.*, 474 F.Supp. 1141 (S.D.N.Y.1979).

The U. S. District Court is not to determine whether a mistake was made in the state proceedings as to a particular individual; it is to adjudicate whether there was a denial of due process or equal protection. If such a denial is found, then individual relief may be granted. See *Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976), cert. den. 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 227 (1977); *Brown v. Supreme Court of Nevada*, 476 F.Supp. 86 (D.Nev.1979); *Law Students Civil Rights Research Coun., Inc. v. Wadmond*, 299 F.Supp. 117 (S.D.N.Y.1969), aff'd 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971); *Keenan v. Board of Law Examiners of State of N. C.*, supra; *Delgado v. McTighe*, 442 F.Supp. 725 (E.D.Pa.1977); *Woodard v. Virginia Bd. of Bar Examiners*, 454 F.Supp. 4 (E.D.Va.1978), aff'd 598 F.2d 1345 (4th Cir. 1979); *Richardson v. McFadden*, 563 F.2d 1130 (4th Cir. 1977), cert. den. 435 U.S. 968, 98 S.Ct. 1606, 56 L.Ed.2d 59 (1978). One way to determine whether this criterion has been met is to ascertain whether the alleged infringement of constitutional rights can be dissipated merely by processing a particular individual's admission to the bar. *Law Students Civil Rights Research Coun., Inc. v. Wadmond*, supra; *Delgado v. McTighe*, supra. The plaintiff herein has attacked the Nevada Supreme Court's administration of the rule requiring graduation from an accredited law school as being unconstitutional because waivers are granted or denied arbitrarily and discriminatorily. For said Court now to arbitrarily

reverse its denial of a waiver to the plaintiff would not dissipate the underlying problem of the constitutionality of its approach to such waivers.

■ As a practical matter, the possibility of the U. S. Supreme Court granting a petition for writ of certiorari to review a state court decision is an inadequate substitute for a determination to which the litigant is entitled in a federal district court. *Keenan v. Board of Law Examiners of State of N. C.*, supra. Further, the failure of the plaintiff herein to formally apply for permission to take the 1980 bar examination may be regarded as excused, in view of the fact it would have constituted a futile act. See *Hickey v. District of Columbia Court of Appeals*, supra. There have been neither changes in the plaintiff's circumstances nor changes in the Nevada Supreme Court's approach to waiver of Supreme Court Rule 51(3) that appear of record or subject to judicial notice since her last rejection. Finally, it is established that a claim of present right to admission to the bar of a state and a denial of that right is a controversy within the case or controversy requirements of Art. III, sec. 2 of the U. S. Constitution. *Willner v. Committee on Character*, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963).

The conclusion here reached, that this Court, under the circumstances, has subject matter jurisdiction of this action, is not unique. Other cases within the Ninth Circuit which have directly or impliedly recognized such jurisdiction in this type of litigation include *Brown v. Supreme Court of Nevada*, 476 F.Supp. 86 (D.Nev.1979); *Sutton v. Lionel*, 585 F.2d 400 (9th Cir. 1978); *Potts v. Honorable Justices of Supreme Court of Hawaii*, 332 F.Supp. 1392 (D.Haw. 1971); *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir. 1966), cert. den. 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966); *Chaney v. State Bar of California*, 386 F.2d 962 (9th Cir. 1967). Cf. *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969); *Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966); *Lenske v. Sercombe*, 266 F.Supp. 609 (D.Or.1967).

Parties:

■ A state is immune from federal court suits brought by its own citizens, even though the case arises under the Constitution or laws of the United States. *Clark v. State of Washington*, supra. The immunity of the state from suit is applicable to the supreme court of the state as well. *Campbell v. Washington State Bar Association*, 263 F.Supp. 991 (W.D.Wash.1967). The Supreme Court of Nevada is an agency of the State of Nevada and immune from suit under the Eleventh Amendment to the U. S. Constitution. *Brown v. Supreme Court of Nevada*, supra.

■ Further, a state is not a "person" within the meaning of 42 U.S.C. § 1983 of the Civil Rights Act. Id.; *Wiesenfeld v. State of N. Y.*, 474 F.Supp. 1141 (S.D.N.Y. 1979). The state's supreme court, likewise is not a "person" under said statute. *County of Lancaster v. Philadelphia Electric Co.*, 386 F.Supp. 934 (E.D.Pa.1975); *Moity v. Louisiana State Bar Ass'n*, 414 F.Supp. 180 (E.D.La.1976), aff'd 537 F.2d 1141 (5th Cir. 1976). As an agency of the State of Nevada, the Supreme Court of Nevada is not such a "person". Therefore, the motion of the Supreme Court of Nevada to dismiss the complaint against it must be granted. .

■ A state bar association is an integral part of the judicial process and, therefore, entitled to immunity from suit under the Civil Rights Act. *Clark v. State of Washington*, supra. Likewise, as an agency of the state, a bar association is not a "person" within the intendment of said Act. Id.; *Silverton v. Department of Treasury*, 449 F.Supp. 1004 (C.D.Cal.1978).

■ The State Bar of Nevada is under the exclusive jurisdiction and control of the Nevada Supreme Court. NRS 7.275(1); NRS 2.120. Since said State Bar can only make recommendations to the Supreme Court, no effective order can be entered against the State Bar to afford the plaintiff the relief she seeks. As a result, it is not an appropriate party to this action, and its motion to dismiss must be granted. *Brown v. Supreme Court of Nevada*, supra; *Clark v. State of Washington*, supra.

■ Although no statute or rule of court specifically authorizes the Nevada Supreme Court to review a recommendation of the Board of Bar Examiners of the State of Nevada, the Supreme Court has the power to admit an applicant to practice law notwithstanding an adverse recommendation of said Board. *In re Hughey*, 62 Nev. 498, 156 P.2d 733 (1945). The ultimate responsibility on whether to admit an applicant to the practice of law in Nevada lies with the State Supreme Court, and not with the Board of Bar Examiners. *Petition of Schaengold*, 83 Nev. 65, 422 P.2d 686 (1967); *In re Bowen*, 84 Nev. 681, 447 P.2d 658 (1968). Thus, no effective order can be entered against the Board of Bar Examiners of the State Bar of Nevada, either. It, too, is not an appropriate party to this action. Its motion to dismiss, therefore, must be granted. *Brown v. Supreme Court of Nevada*, supra.

■ As to the five individual justices of the Nevada Supreme Court named as defendants herein, it is established that prospective injunctive and declaratory relief is available against states in suits in federal courts in which state officials are the nominal defendants. *Nevada v. Hall*, 440 U.S. 410, 99 S.Ct. 1182, 59 L.Ed.2d 416 (1979); *Keenan v. Board of Law Examiners of State of N. C.*, 317 F.Supp. 1350 (E.D.N.C. 1970); *Brown v. Supreme Court of Nevada*, 476 F.Supp. 86 (D.Nev.1979).

However, judges are immune from suit for judicial acts, without regard to the motives with which those acts were performed and notwithstanding such acts may have been in excess of their jurisdiction, provided only that there was not a clear absence of jurisdiction over the subject matter. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Gregory v. Thompson*, 500 F.2d 59 (9th Cir. 1974); *Sires v. Cole*, 320 F.2d 877 (9th Cir. 1963).

■ It is patently clear that the Nevada Supreme Court justices had subject matter jurisdiction over whether to waive the A.B. A.-approved law school requirement at the petition of the plaintiff herein. Also, the doctrine of judicial immunity applies to suits under 42 U.S.C. § 1983. *Stump v. Sparkman*, supra; *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

■ Whether the justices refusal to grant a waiver was a judicial act is not so clear. The *Stump* case declares, at 98 S.Ct. 1107: "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i. e., whether it is a function normally performed by a judge, and to the expectations of the parties, i. e., whether they dealt with the judge in his judicial capacity." The same case declares that a lack of formality in a state supreme court's consideration of a petitioner's application for admission to the state bar does not prevent it from being a "judicial proceeding." Ibid.

There is much other support for the proposition that such consideration of an application for admission to the bar is "judicial" in nature. *In re Summers*, 325 U.S. 561, 65 S.Ct. 1307, 89 L.Ed. 1795 (1945); *Ex parte Robinson*, 86 U.S. 505, 22 L.Ed. 205 (1873); *Ex parte Wall*, 107 U.S. 265, 2 S.Ct. 569, 27 L.Ed. 552 (1882); *Ex parte Garland*, 71 U.S. 333, 18 L.Ed. 366 (1866); *Keenan v. Board of Law Examiners of State of N. C.*, 317 F.Supp. 1350 (E.D.N.C.1970); *MacKay v. Nesbett*, 285 F.Supp. 498 (D.Alaska 1968), aff'd on other grounds 412 F.2d 846 (9th Cir. 1969); *Kimball v. Florida Bar*, 465 F.Supp. 925 (S.D.Fla.1979); *Woodard v. Virginia Bd. of Bar Examiners*, 454 F.Supp. 4 (E.D.Va.1978).

Against this array, only a few cases treat a state supreme court's consideration of an application for admission as a non-judicial act. In *Ktsanes v. Underwood*, 552 F.2d 740 (7th Cir. 1977) the Illinois Supreme Court had denied the applicant admission to the bar despite the fact he was licensed by a sister state. Illinois had a rule that an attorney who had resided and practiced law in another state for five years might, upon passing a character and fitness test, be admitted to the Illinois bar. The rule further provided, however, that an otherwise qualified attorney was ineligible if he had previ-

ously taken and failed an Illinois bar examination. *Ktsanes* had taken and failed such an examination. The Seventh Circuit held that *Ktsanes'* petition for waiver of the rule in his case was not a challenge to the rule, but merely a request for exemption from it. There was no claim of a present right to admission to the state bar, and a denial thereof, such as would give rise to a case or controversy. He was asking for ministerial action, not judicial determination. The denial of his petition was effected by the Illinois Supreme Court in an administrative capacity. The *Ktsanes* court distinguished cases where issues had been fully developed in adversary proceedings.

Another case which is deserving of great consideration by this Court is *Brown v. Supreme Court of Nevada*, supra. There, Judge Claiborne pointed out that the Nevada Supreme Court does not afford a petitioner for exemption from Rule 51(3) (the graduation from an A.B.A.-approved law school requirement) a hearing or notice of a decision based upon findings of fact, and does not authorize a fact-finding investigation. He held that the summary denial of the petition for exemption (waiver) constituted nothing more than administration of state rules for the admission to the practice of law.

Despite the persuasiveness of the *Ktsanes* and *Brown* opinions, the weight of authority is that the acts of supreme court justices in deciding matters pertaining to admission to the bar are judicial acts. Therefore, judicial immunity exists as to those acts. Such immunity clearly applies as to liability for monetary damages. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Cadena v. Perasso*, 498 F.2d 383 (9th Cir. 1974); *Brunette v. Dann*, 417 F.Supp. 1382 (D. Idaho 1976). The plaintiff herein may not recover money damages from the justices of the Nevada Supreme Court.

■ There is a minority of cases that hold that judicial immunity applies to injunctive or other equitable relief, as well as money damages. *MacKay v. Nesbett*, 285 F.Supp. 498 (D.Alaska 1968), aff'd on other grounds 412 F.2d 846 (9th Cir. 1969); *Town of Hopkins, S.C. v. Cobb*, 466 F.Supp. 1215 (D.S.C.1979). The majority rule is to the contrary, however. Immunity from damages does not ordinarily bar equitable relief as well. *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975); *Brown v. Supreme Court of Nevada*, supra; *Shipp v. Todd*, 568 F.2d 133 (9th Cir. 1978); *Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976 (5th Cir. 1979); *Wiesenfeld v. State of N. Y.*, 474 F.Supp. 1141 (S.D.N.Y. 1979); *Law Students Civil Research Coun., Inc. v. Wadmond*, 299 F.Supp. 117 (S.D.N.Y. 1969), aff'd 401 U.S. 154, 91 S.Ct. 720, 27 L.Ed.2d 749 (1971). In fact, it has been held specifically that state judges may be enjoined against the commission of acts that violate civil rights, even though the court as an entity may not be held liable under the Civil Rights Act. *Erdmann v. Stevens*, 458 F.2d 1205 (2nd Cir. 1972); *Brown v. Supreme Court of Nevada*, supra.

Therefore, the five individual justices of the Nevada Supreme Court named as defendants herein may be ordered to permit the plaintiff to sit for a bar examination if she is able to prove her claim for such relief.

Federal Constitutional Rights:

The plaintiff alleges that the defendants' precedent of granting waivers of Rule 51(3) to some applicants, while denying them to her and other applicants, constituted arbitrary and unequal treatment, resulting in violation of the equal protection and due process guarantees of the Fourteenth Amendment.

■ The federal courts cannot be concerned with the wisdom of a state's particular qualifications that serve as conditions precedent before an applicant is allowed to take a bar examination; provided that those requirements are applicable to every citizen alike. *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir. 1966), cert. den. 385 U.S. 960, 87 S.Ct. 396, 17 L.Ed.2d 305 (1966). The converse is also true, i. e., the federal courts are concerned when such requirements are not applied to all applicants. A

state cannot exclude a person from the practice of law in a manner or for reasons that contravene the due process or equal protection clauses. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Willner v. Committee on Character*, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); *Sutton v. Lionel*, 585 F.2d 400 (9th Cir. 1978); *Petition of Schaengold*, 83 Nev. 65, 422 P.2d 686 (1967). Put another way, a state may not, under the guise of regulating the legal profession, ignore constitutional rights. *N.A.A.C.P. v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963).

■ "A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law." *Schware v. Board of Examiners*, supra, 353 U.S. at 239, 77 S.Ct. at 756; *Sutton v. Lionel*, supra; *Hackin v. Lockwood*, supra. The qualification must not be arbitrary; any reason for preventing a person from practicing law must be valid. Id. The only constitutionally permissible state objective in licensing attorneys is to assure that the applicant is capable and fit to practice law. *Martin-Trigona v. Underwood*, 529 F.2d 33 (7th Cir. 1975).

■ Nevada Supreme Court Rule 51(3), requiring graduation from an A.B.A.-approved law school is reasonable. *In re Batten*, 83 Nev. 265, 428 P.2d 195 (1967); see also *Hackin v. Lockwood*, supra. The hardship imposed upon a particular applicant by the strict application of such a rule is not a deprivation reaching constitutional dimensions. *Moore v. Supreme Court of South Carolina*, 447 F.Supp. 527 (D.S.C.1977), aff'd 577 F.2d 735 (4th Cir. 1978), cert. den. 439 U.S. 984, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978). This is not the point argued by the plaintiff, however. What she objects to is selective waiver of Rule 51(3). Her contention seems to be supported by the opinion of the Nevada Supreme Court in *In re Batten*, supra. There, the petitioner sought waiver of the pre-condition that every applicant must pos-

sess a law degree from a law school approved by the American Bar Association. At the time, said qualification was found at Nevada Supreme Court Rule 51(6). The Court declared, at 428 P.2d 195–196:

"Though we appreciate the position in which the petitioner finds himself we are not disposed to waive the requirement for him and deny a waiver to others. All must be treated equally and to date we have not been convinced that the interests of the Bar of Nevada will be promoted by eliminating S.C.R. 51(6). Accordingly the petition is denied."

■ It is quite clear that there would be danger to the public if the legal profession were not regulated to assure that lawyers have moral integrity and professional competence. However, a state's power to license persons engaged in such a profession is not the power to create a privileged class by means of arbitrary tests that exclude competent and fit persons. *Keenan v. Board of Law Examiners of State of N. C.*, 317 F.Supp. 1350 (E.D.N.C.1970). The practice of law is not a matter of the state's grace or favor. For those who possess the necessary qualifications it is a right. *Petition of Schaengold*, 83 Nev. 65, 422 P.2d 686 (1967); *Baird v. State Bar of Arizona*, 401 U.S. 1, 91 S.Ct. 702, 27 L.Ed.2d 639 (1971). The fact that the Nevada Supreme Court has historically reserved to itself the right to waive the Rule 51(3) qualification is an indication that failure of an applicant to have received a degree from an A.B.A.-approved law school is not necessarily dangerous to the public. See *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886).

■ Where waivers of a rule are not granted with consistency and no explanation is given for the disparity of treatment, a finding of denial of equal protection may be appropriate. *Hickey v. District of Columbia Court of Appeals*, 457 F.Supp. 584 (D.C.D.C.1978). See also *Webster v. Wofford*, 321 F.Supp. 1259 (N.D.Ga.1970). This rule alone would suffice to keep the plaintiff in court at this time as against the defendants' Fed.R.Civ.P. Rule 12(b)(6) mo-

tion to dismiss for failure to state a claim upon which relief can be granted. Where, as in this case, the plaintiff contends that the defendants' actions promoted no legitimate state interest and were without a rational basis, the plaintiff is entitled to an opportunity to present specific facts in support thereof. *DeLaCruz v. Tormey*, 582 F.2d 45 (9th Cir. 1978), cert. den. 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

It has been held that the requirements of procedural due process must be met before a state may exclude a person from the practice of law. *Willner v. Committee on Character*, 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963). The *Willner* case suggests that notice, hearing, opportunity to answer, confrontation and/or cross-examination may be required to fulfill those requirements.

Finally, where more stringent requirements are imposed to obtain a professional license, some sort of "grandfather" provision is required by due process. *Berger v. Board of Psychologist Examiners*, 521 F.2d 1056 (D.C. Cir. 1975). Interestingly enough, when the State of Nevada added the requirement that an applicant must have a degree from an A.B.A.-approved law school, it gave almost four years advance warning before the new requirement was to take effect; this was meant to prevent hardship on those applicants who had geared their educational programs to the then existing conditions. *In re Lorring*, 75 Nev. 330, 340 P.2d 589 (1959); see also *Potter v. New Jersey Supreme Court*, 403 F.Supp. 1036 (D.N.J.1975), aff'd 546 F.2d 418 (3rd Cir. 1976). On the other hand, one who attends an unaccredited law school knowing it may preclude her admission to practice in the state of her choice cannot complain when she is excluded from practice for that reason. Yetka, J. dissent in *Application of Hansen*, 275 N.W.2d 790 (Minn.1978).

IT IS, THEREFORE, HEREBY ORDERED THAT:

1. The motion of defendant SUPREME COURT OF NEVADA to dismiss the complaint against it be, and the same hereby is GRANTED;

2. The motion of defendant THE STATE BAR OF NEVADA to dismiss the complaint against it be, and the same hereby is, GRANTED;

3. The motion of defendant BOARD OF BAR EXAMINERS OF THE STATE BAR OF NEVADA to dismiss the complaint against it be, and the same hereby is, GRANTED; and

4. The motion of defendants HONORABLE JOHN MOWBRAY, HONORABLE GORDON R. THOMPSON, HONORABLE E. M. GUNDERSON, HONORABLE NOEL E. MANOUKIAN and HONORABLE CAMERON BATJER to dismiss the complaint against them be, and the same hereby is DENIED.