In the Matter of JOHN TOM ROSS and PETER FLANGAS, Attorneys at Law.

No. 11114

September 12, 1983 668 P.2d 1089

*John D. O'Brien,* President, State Bar, Las Vegas; and *Kent Robison,* Reno, for State Bar.

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas; and *Robert A. Grayson,* Carson City, for John Tom Ross.

*David Goldwater,* and *Peter L. Flangas* in proper person, Las Vegas, for Peter L. Flangas.

.

## OPINION ON PETITION FOR REHEARING

*Per Curiam:*

As set forth in our original opinion, a number of charges of professional misconduct were initiated before the Board of Bar Governors, accusing petitioners Ross and Flangas of conspiring in diverse ways with another attorney and with District Judge Richard Waters. *See* In re Ross, 99 Nev. 1, 656 P.2d 832 (1983). Following an extensive and costly, but unproductive investigation, a week-long hearing was held before the Board of Governors. The Board then ascertained and expressly found that there was neither evidence to substantiate any of several charges of conspiracy and related impropriety involving Judge Waters and the aforesaid attorneys, nor evidence of an alleged political plot against Judge Waters' successor. Accordingly, the Board of Governors acknowledged to us in its recommendations that these charges, which formed the basis for the Bar's inquiry in the first instance, lacked merit as to all three accused attorneys.

Nonetheless, in its recommendations the Board of Governors requested us to impose disciplinary sanctions on Ross and Flangas, including assessment of the entire costs of the aforesaid investigation and hearing. In justification, the Board tendered factual findings that Ross and Flangas had in certain respects not been truthful, when responding to the probes instituted on the strength of the initial suspicions. In our decision, however, we determined that all charges against Ross and Flangas should be dismissed, because proceedings against them

had been conducted in a manner derogating their constitutional rights to due process of law.[1] *See* Nev. Const., art. 1, § 8; U.S. Const., amend. XIV, § 1. The Bar prosecutor has filed a petition for rehearing.

Upon review of the petition for rehearing, we find it does not direct our attention to any germane legal or factual matter, previously relied upon by the Bar prosecutor, which was overlooked in our original opinion. Under our established practice, a litigant may not raise new legal points for the first time on rehearing. Cannon v. Taylor, 88 Nev. 89, 493 P.2d 1313 (1972); In re Lorring, 75 Nev. 334, 349 P.2d 156 (1960). Nor may a petition for rehearing be utilized as a vehicle to reargue matters considered and decided in the court's initial opinion. Gershenhorn v. Stutz, 72 Nev. 312, 306 P.2d 121 (1957). Instead, in a concise and non-argumentative matter, such a petition should direct attention to some controlling matter which the court has overlooked or misapprehended. *Id.*

We deem it essential to notice one particularly inappropriate argument, tendered by the petition for rehearing. For the first time, the bar prosecutor has contended that there was, indeed, substantial evidence of the alleged conspiracies between the deceased district judge, Ross, and Flangas. We must observe that this assertion, which received substantial attention in the press, is totally without merit. It is also highly unfair and insensitive to the surviving family of a well respected and now deceased judge. The argument is not only tendered for the first time on rehearing; in addition, as we have noted, it is contrary to explicit findings of the Bar Governors. Moreover, by this argument the Bar prosecutor seeks to contradict his own concession to this court on October 19, 1978, whereby the prosecutor acknowledged that the third attorney charged in regard to the alleged conspiracies should be dismissed from these proceedings because the prosecutor felt unable to question the correctness of the Bar Governors' factual findings.

---

[1] Unfortunately, bar counsel appears to have misperceived the thrust of our opinion. It is suggested that somehow our decision calls into question the integrity of the elected members of the Board of Governors or their commitment to "sworn duty." We therefore emphasize that our decision neither deprecates the Board of Governors nor questions the bona fides of their actions. As stated in our original opinion, "it should be stressed that we are dealing here *not with a charge of actual bias,* but with a challenge to a procedure as presenting a constitutionally unacceptable potential for bias, based upon the premise that 'any tribunal permitted by law to try cases and controversies not only must be unbiased but also *must avoid even the appearance of bias.*' " *In re Ross, supra,* 99 Nev. at 13, 656 P.2d at 839-40.

All other contentions are equally inappropriate and without merit. We adhere to our view that the proceedings against petitioners Flangas and Ross denied them due process of law, in derogation of both the Constitution of the United States and the Constitution of the State of Nevada. Accordingly, the request for rehearing must be denied.

Bar counsel has asked us to clarify whether or not new proceedings against Flangas and Ross might be instituted, presumably premised on contentions as to their untruthfulness. Our response is that our dismissal in this matter was, and is, intended as a bar to further proceedings. We note that this ruling is predicated, in part, on the tortured and unfortunate history of this matter. Due to that history, it seems inevitable that in any further proceedings petitioners would raise various defenses which would not be amenable to satisfactory and final resolution within the court system of Nevada. Among the more serious of these are contentions—consideration of which has been deferred by the Ninth Circuit Court of Appeals—that the breaches of confidentiality mentioned in our original opinion, as well as other prejudicial practices, have tainted petitioners' prospects for fair treatment in our state courts.[2]

Moreover, what this court has said in other disciplinary matters is applicable to the instant case. To the extent that petitioners' asserted lack of candor in defending themselves may have warranted punishment, retribution has already been exacted, albeit improperly and unlawfully. See In Re Reno, 57 Nev. 314, 330, 64 P.2d 1036, 1041 (1937); Flanders v. State Dep't of Commerce, 87 Nev. 303, 486 P.2d 499 (1971). Although these professional persons were entitled to confidential proceedings conducted with decorum, and consistently with a presumption of innocence, it is clear that they have been subjected to an extensive amount of improper, inflammatory, unfair and concerted public obloquy. Again, we emphasize that we in no way suggest that any of the Bar Governors intentionally played a culpable role in the aforesaid practices. Nonetheless, a price of substantial dimension has already been exacted from said petitioners—who have been the subject of this extra-legal torment for almost a decade.

[2]See Flangas v. State Bar of Nevada, 655 F.2d 946 (1981). On application of petitioner Flangas, the United States District Court for the District of Nevada heretofore enjoined further proceedings before this court. The Ninth Circuit Court held, in effect, that this and other claims relating to petitioners' civil rights were prematurely raised in federal court, but that after exercise of state remedies petitioners might return to federal court if dissatisfied with their treatment in state tribunals.

Accordingly, the said proceedings in all respects should be, and hereby are, dismissed with prejudice.[3]

SPRINGER, STEFFEN, and GUNDERSON, JJ., and ZENOFF, SR. J.,[3] concur.